## PITTSBURGH PLATE GLASS CO. v. H. NEUER GLASS CO.

(Circuit Court of Appeals, Sixth Circuit. October 8, 1918.)

### No. 3149.

1. CONTRACTS ⊜⟩10(4)—MUTUALITY—SALES.

Contracts to furnish such material as one may need in his business for a specified time are mutual, and binding on the parties, where the nature of the purchaser's business is such as to make the quantity of the article he will need subject to a reasonably accurate estimate.

2. CONTRACTS ⊜⟩10(4)—MUTUALITY—SALES.

A contract by which one party agrees to furnish to the other such goods as the latter may decide to order in its business during a specified time at stated prices, leaving it optional with the purchaser to increase or decrease its orders with the rise and fall of prices, is void for want of mutuality.

3. CONTRACTS ⊜⟩10(4)—MUTUALITY—SALES. •

A letter written by defendant to plaintiff, stating, "We have entered your order for polished plate glass, for anything we can furnish from our warehouse, these discounts to apply until June 30, 1916," when accepted, *held*, as against demurrer, to create a valid contract, binding plaintiff to buy and defendant to sell all of the glass of the specified sizes in defendant's warehouse in the normal course of its business up to June 30, 1916.

4. SALES ⊜⟩1(4)—CONTRACT—CERTAINTY AS TO QUANTITY.

A contract for the sale and purchase of all the glass of specified sizes which defendant could furnish from its warehouse until a certain date is not invalid for uncertainty as to the quantity.

5. CONTRACTS ⊜⟩153—CONSTRUCTION—CONSTRUCTION SUSTAINING VALIDITY.

As between two equally reasonable constructions, that should be adopted which would make a contract valid as against that reaching a contrary result.

In Error to the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge.

Action at law by the H. Neuer Glass Company against the Pittsburgh Plate Glass Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Tuttle & Ross and Pogue, Hoffheimer & Pogue, all of Cincinnati, Ohio (Burton B. Tuttle and Province M. Pogue, both of Cincinnati, Ohio, of counsel), for plaintiff in error.

Edw. P. Moulinier and John H. Druffel, both of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and WESTENHAVER, District Judge.

KNAPPEN, Circuit Judge. Plaintiff in error, whom we shall call defendant, was a manufacturer of glass at Pittsburgh, and had a warehouse at Cincinnati, where it kept on hand for sale quantities of glass of various sizes. Defendant in error, plaintiff below, was a Cincinnati jobber of glass. Plaintiff sued on an alleged contract, dated January 3, 1916, taking the form of a letter to plaintiff from defendant, and signed by it, as follows:

⊜⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"In accordance with our personal conversation, we have entered your order for polished plate glass, for anything we can furnish from our warehouse, these discounts to apply until June 30, 1916, as follows: [Sizes and discounts here stated]—all from the current list of May 1, 1914, and subject to 1 per cent. for cash. I am writing this letter in duplicate, and will thank you to sign and return one copy at your earliest convenience."

The letter bears on its face the word "Accepted," followed by plaintiff's signature. The petition avers that plaintiff gave defendant, under the contract, certain orders for glass which were filled, and gave from May 26 to June 29 other orders for glass, "which defendant could furnish from its warehouse, but which it failed and refused to fill." Plaintiff demanded the difference between the aggregate market and contract prices respectively of the glass not furnished. A demurrer to the petition, as not stating a cause of action, was overruled. Defendant then answered issuably. A trial by jury resulted in verdict and judgment for plaintiff. Defendant's motion for new trial was overruled. On this review, the only proposition open to defendant is that the petition fails to state a case. The proceedings on the trial are not brought up.

Defendant's contention is that the contract is void, as unilateral and lacking mutuality or consideration. The argument is that the contract was merely an offer by defendant to sell to plaintiff such glass of the sizes and kinds named as defendant could furnish from its warehouse, but without any obligation on plaintiff's part to take any glass (except such as it might choose from time to time to order), and without the giving of any consideration for defendant's agreement by way of order accompanying the contract, or otherwise.

Plaintiff's contention is two-fold: First that by the contract plaintiff was bound to buy whatever glass of the kinds and sizes in question defendant should have in its warehouse; and, second (as we understand it), that if the writing is held a mere offer by defendant, subject to withdrawal before its acceptance, the offer was a continuing one, and a contract was created as to each order given by plaintiff while the offer was still open and unrevoked by defendant. The court below agreed with plaintiff on the first proposition, and, at least in its practical result, as to the second. It does not appear that any specific order for glass accompanied the contract, nor that there was any consideration for defendant's promise unless in plaintiff's obligation to buy.

[1] Contracts to furnish such material as one may need in his business for a specified time are, by the weight of authority, held mutual and binding on the parties, where the nature of the purchaser's business is such as to make the quantity of the article he will need subject to a reasonably accurate estimate. In support of this general proposition, as tersely stated in note 43 L. R. A. (N. S.) 730, we need refer only to the decisions of this court. Lima Locomotive, etc., Co. v. National, etc., Co., 155 Fed. 77, 83 C. C. A. 593, 11 L. R. A. (N. S.) 713; Loudenback Fertilizer Co. v. Tennessee Phosphate Co., 121 Fed. 298, 58 C. C. A. 220, 61 L. R. A. 402; Inman v. Dudley, etc., Co., 146 Fed. 449, 76 C. C. A. 659; Campfield v. Sauer, 164 Fed. 833, 91

C. C. A. 304; Marx v. Amer. Malting Co., 169 Fed. 582, 95 C. C. A. 80.

[2] The basis of this rule is that the purchaser's obligation to buy to the extent of his needs supplies mutuality. We assume, however, for the purposes at least of this opinion, that if the contract is to be construed as binding plaintiff to buy such glass only as it should see fit to take, that is to say, so much as it should decide to order for the purposes of its jobbing trade, it would be void for want of mutuality, as leaving it optional with it to increase or decrease its orders with the rise and fall in price. Loudenback Co. v. Phosphate Co., supra, 121 Fed. 301, 58 C. C. A. 220, 61 L. R. A. 402; Crane v. Crane (C. C. A. 7) 105 Fed. 869, 872, 45 C. C. A. 96 (cited by this court with approval in the Fertilizer Company Case, supra, 121 Fed. at pages 301 and 303, 58 C. C. A. 220, 61 L. R. A. 402); the Lima Case, supra, 155 Fed. at page 79, 83 C. C. A. 593, 11 L. R. A. (N. S.) 713; and Campfield v. Sauer, supra, 164 Fed. at pages 834, 835, 91 C. C. A. 304.

[3] We shall accordingly treat the validity and effect of the writing, as a present contract of purchase and sale, as depending on whether plaintiff was thereby *obligated* to buy all the glass of the kinds and sizes in question that defendant should actually and in good faith, and in the normal course of its business, have in its warehouse between the making of the contract and June 30 following. That such was the measure of the *right* which the agreement attempted to give plaintiff is apparent from the language of the writing:

"We have entered your order * * * for anything we can furnish from our warehouse, these discounts to apply until June 30, 1916, as follows."

The entering of the order was prima facie an acceptance of it. Austrian v. Springer, 94 Mich. 343, 347, 54 N. W. 50, 34 Am. St. Rep. 350. Indeed, that such was defendant's construction of the agreement is suggested by the assertion in its answer that it filled plaintiff's specific orders for glass sent in after February 21st (alleged to be the actual date when the contract was executed), "in so far as it had the same in its warehouse in Cincinnati, Ohio," and the District Judge, in his opinion denying motion for new trial, said that—

"The defendant regarded the agreement as binding on it and made deliveries under it. It repudiated its obligations on the sole ground that when the plaintiff made demand the warehouse did not contain the sizes called for."

[4] The pivotal question thus is whether the agreement is to be construed as binding plaintiff to so purchase; for, if so, it would not, in our opinion, be invalid for lack of certainty as to the amount of glass defendant would have in its warehouse, and which plaintiff would be obliged to take. Not only would the amount be susceptible of determination within reasonable limits, but plaintiff's agreement to buy what should be on hand would furish a consideration for defendant's promise. Ramey v. Schroeder (C. C. A. 7) 237 Fed. 39, 43, 150 C. C. A. 241; Burgess Co. v. Broomfield, 180 Mass. 283, 286, 287, 62 N. E. 367; Inman v. Dudley (C. C. A. 6) 146 Fed. 449, 451, 76 C. C. A. 659; and see Caflisch v. Humble (C. C. A. 6) 251 Fed. 1, —— C. C. A. —— (decided May 17, 1918). That under such contract plain-

tiff would get the benefit of a possible rise in price cuts no figure, for defendant would get a corresponding benefit in case of a decline.

Construing the writing as evidencing merely an offer by defendant to sell, and an acceptance by plaintiff of the offer, it is plain that an express contract resulted, so far as not invalid for indefiniteness in respect of quantity. Lima Co. v. National Co., supra, 155 Fed. at page 79, 83 C. C. A. 593, 11 L. R. A. (N. S.) 713; Ellis v. Dodge (C. C. A. 5) 246 Fed. 764, 766, —— C. C. A. ——; Dailey v. Clark, 128 Mich. 591, 594, 595, 87 N. W. 761. Had the word "whatever" been used in place of "anything," we think the writing would naturally be construed, even on the theory of a mere offer by defendant accepted by plaintiff, as binding defendant to sell and plaintiff to buy everything defendant should have in its warehouse, during the period named, corresponding to the stated description; and the word "anything" is not infrequently used colloquially in the sense of "whatever." But, as bearing on the extent of plaintiff's agreement, there seems to us much significance in the fact that the contract began, not with an "offer" by defendant to sell, but with an "order" by plaintiff for the purchase of "anything" the former should be able to furnish from its warehouse, thus in terms prima facie indicating an actual order and a complete contract, good as against demurrer, unless plainly appearing to the contrary on the face of the petition. Defendant's admission, in writing, of a verbal "order" from plaintiff, "entered" and so accepted by defendant, is not plainly nullified by the fact that plaintiff attached its signature to the writing at defendant's request. Such signature may well have been desired as a ratification of the verbal order.

[5] Nor is the mere addition by plaintiff of the word "Accepted" sufficient to effect such nullification. As between two equally reasonable constructions, we should adopt the one which makes the contract valid, as against that reaching the contrary result. Lima Co. v. National Co., supra, 155 Fed. at page 79, 83 C. C. A. 593, 11 L. R. A. (N. S) 713. We find nothing in the language of the petition, as distinguished from the writing itself, necessarily negativing such obligation on plaintiff's part; for we cannot construe the averment that by the writing defendant agreed to sell to plaintiff and that the latter accepted "said offer to sell," in connection with the averment that defendant filled certain of plaintiff's orders and failed and refused to fill others, as actually negativing an obligation on plaintiff's part to take any glass, except such as it might from time to time thereafter elect to order. Plaintiff would naturally specify from time to time sizes for which it had immediate use; and even if plaintiff misunderstood the extent of its liability to buy, it would not thereby be denied relief for defendant's breach unless it had itself broken its agreement, and no such defense is made. Moreover, even as indicating a contemporaneous practical construction, a mere failure on plaintiff's part (which does not, however, affirmatively appear) to call for all the glass answering to the description in the writing would not be decisive against a legal obligation to do so; for it does not appear what the market was before May 26, and after that time defendant would naturally not wish plaintiff to take more than it specifically ordered.

In our opinion, the contract should not be construed, as against demurrer, as lacking mutuality, but as imposing an obligation on plaintiff to buy, commensurate with defendant's obligation to sell. We are the better content with this conclusion from the fact that defendant does not appear to have suffered injustice from its application; for the trial judge states not only (as already said) that defendant regarded the agreement binding on it, but that there was on the trial "sufficient evidence tending to show the warehouse contained, if not as much on each occasion as plaintiff called for, yet sufficient to more than equal the amount of the verdict"—which was in fact less than one-fifth the amount plaintiff sued for.

This conclusion makes it unnecessary to consider the other ground of defendant's liability asserted by plaintiff.

The judgment of the District Court is affirmed.