HUFFMAN v. PAIGE–DETROIT MOTOR CAR CO.

PAIGE–DETROIT MOTOR CAR CO. v. HUFFMAN.

(Circuit Court of Appeals, Eighth Circuit. December 19, 1919.)

Nos. 5330, 5332.

1. PRINCIPAL AND AGENT ⬉⇒33—CONTRACT BY MOTOR CAR MANUFACTURER GIVING EXCLUSIVE RIGHT TO SELL IN SPECIFIED TERRITORY TERMINABLE AT WILL.

A contract whereby manufacturer of motorcars granted plaintiff exclusive right to sell cars in a specified territory, but, which did not obligate plaintiff to buy or defendant to sell any specified number of cars at any given price, and provided for termination if the manufacturer should believe plaintiff was not diligent in selling cars, etc., may be terminated by the manufacturer at will.

2. PRINCIPAL AND AGENT ⬉⇒33—MANUFACTURER OF MOTOR CARS WHO TERMINATED PLAINTIFF'S AGENCY CONTRACT NOT LIABLE FOR ENTICING AWAY PLAINTIFF'S SUBAGENTS.

Where the contract, giving plaintiff exclusive right to sell motor cars in a specified territory, was terminated by the manufacturer, *held,* that

plaintiff, who had appointed subagents, could not recover against the manufacturer for enticing away his subagents, where such recovery was based on the supposed wrongful cancellation of the principal contract, which, however, was terminable at the will of the manufacturer.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by William L. Huffman against the Paige-Detroit Motor Car Company. There was a judgment for defendant, after demurrer was sustained to each count of the petition, and plaintiff brings error, and defendant assigns cross-errors, based on the refusal of its motion to quash service of summons. Affirmed.

Sidney W. Smith, of Omaha, Neb. (E. G. McGilton, of Omaha, Neb., on the brief), for plaintiff.

Charles B. Keller, of Omaha, Neb., and Sherwin A. Hill, of Detroit, Mich. (George Doane Keller and Howard H. Baldrige, both of Omaha, Neb., Charles B. Warren, William B. Cady, and Sanford W. Ladd, all of Detroit, Mich., on the brief), for defendant.

Before HOOK and STONE, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This was an action for damages by Huffman against the Paige-Detroit Motor Car Company, a corporation of Michigan. The first count of his petition is for a breach of a written contract between them by its wrongful cancellation prior to the specified date of expiration. The second count is for enticing away plaintiff's subagents in the automobile business. The trial court sustained a demurrer to each count for its failure to state a cause of action, and to both for misjoinder. A judgment for defendant followed. There was a third count in the petition, but it is not now in controversy.

[1] By the terms of the contract the defendant granted to the plaintiff the exclusive right to sell Paige automobiles in Nebraska and parts of Iowa and South Dakota. Voluminous provisions defined the basis for future dealings between the parties and their responsibilities to each other and to third persons. Except for an attempt to make their future relation purely that of vendor and purchaser, and their transactions wholly interstate in character, the contract is much like one of agency. This aspect of it is emphasized by the control which defendant reserved over the activities of the plaintiff through provisions for cancellation to which reference will presently be made. The defendant did not obligate itself to sell, nor plaintiff to buy, any specified quantity of automobiles, nor was a determinable quantity fixed in a mutually binding way by the requirements of an established business. The defendant was expressly exempted from such an obligation and from adherence to the schedule of prices and discounts set forth. It was free to decline shipments under the contract, and also free to fix and change prices at will. The contract specified a time when it expired by limitation. The first count of the petition charged that prior to that time the defendant "without just cause

terminated and cancelled said contract." But aside from the provisions above noted, indicating a lack of mutuality of obligation, the contract expressly reserved to defendant the right of cancellation when in its opinion the plaintiff was not working the territory to the best advantage. By another clause it was provided that, if the defendant "believes that the dealer [the plaintiff] is not properly and diligently pushing the sale of its cars, it hereby reserves the right at its election, and without making itself liable in any manner for any claim or action for damages, * * * to cancel and terminate this agreement. * * *" It is quite manifest that the contract merely furnished a basis for future dealings to be observed no longer than was mutually satisfactory. There was no hard and fast commitment of either party, if he chose to break away. Oakland Motor Car Co. v. Indiana Automobile Co., 121 C. C. A. 319, 201 Fed. 499; Velie Motor Car Co. v. Kopmeier Motor Car Co., 114 C. C. A. 284, 194 Fed. 324.

[2] In the second cause of action, plaintiff avers that when the contract with defendant was made he had a valuable selling organization in the territory described, and that he accordingly made contracts with all his subagents to handle defendant's product; that defendant canceled its contract with him without just cause, and willfully and maliciously induced and enticed his subagents to sever and discontinue their relations and break their contracts with him. Fairly construed this complaint seems to rest upon the supposed wrongful cancellation of the principal contract between plaintiff and defendant. In that view it is obvious that no cause of action is stated. The result complained of ensued from an authorized lawful act and nothing is gained by the use of the terms willfully and maliciously. It may be observed that the record, aside from the face of the petition, indicates that the terms of these subcontracts were like those of the principal contract between plaintiff and defendant; that is to say, provisional arrangements at will. Upon a condition like that, see Triangle Film Corporation v. Artcraft Pictures Corporation, 250 Fed. 981, 163 C. C. A. 231. But it is enough to say that no cause of action is stated for a wrongful or malicious interference by defendant in the contract relations between other persons. The above conclusions upon the averments of the petition make it unnecessary to consider whether the two causes of action were improperly joined.

By a motion to quash the service of summons, defendant raised a question of jurisdiction, asserting that it was not doing business in Nebraska, where the action was brought, and that the man personally served there was not its managing agent. We think that the proofs, which need not now be recited, warranted the denial of the motion by the trial court.

The judgment is affirmed.