NATHAN GURFEIN *vs.* ABRAHAM WERBELOVSKY.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

While it is undoubtedly true that a so-called "contract" for the sale of goods in which the buyer retains an unconditional option of cancellation, is no contract at all, since no mutuality exists, yet if the seller has the right under the contract, for however brief a period, to make a delivery and compel the buyer to take and pay for the goods, there is a promise for a promise and thus a sufficient consideration moving to the seller to make a valid contract in law.

In the present case the plaintiff sought to recover damages of the defendant seller for his refusal to deliver a quantity of glass pursuant to his agreement, one of the terms of which was that the buyer was to "have the option to cancel" his order "before shipment," which was to be made at any time within three months. The defendant seller demurred to this "averment" on the ground that the plaintiff was not bound to buy and therefore there was no valid contract. *Held* that inasmuch as the seller had the right to ship the glass at once, or at any time within three months before receiving notice of cancellation, and thus force the buyer to receive and pay for it, there was a legal consideration for the promise to sell, which was all that was necessary to bring the contract into existence, and therefore the trial court erred in sustaining the demurrer.

Whether the contract was so improvident in character that an equitable defense upon that ground might have been interposed, presented a question of fact which could not be raised by demurrer.

Argued June 6th—decided August 4th, 1922.

ACTION to recover damages for breach of a written agreement to sell to the plaintiff a lot of glass, brought

to the Superior Court in Fairfield County where a demurrer to the complaint was sustained (*Maltbie, J.*) and judgment was afterward rendered for the defendant (*Haines, J.*), from which the plaintiff appealed. *Error and cause remanded.*

The complaint alleges that on October 20th, 1919, the defendant made a contract with the plaintiff, doing business under the name of the Bridgeport Glass Company, in the form following:—

"October 29, 1919.

"Bridgeport Glass Co.,
            Bdgpt. Conn.

"Gentlemen: We have this day accepted and entered your order for 5 cases of plate glass, the following:

"1 case 60" wide

Widths          1   " 70"    "
                2   " 80"    "
                1   " 90"    "

in the following brackets 25 to 50 square feet at .98 cents per sq. ft. and 50/100 at One dollar per sq. ft. F. O. B. N. Y. City.

"The above cases are to be shipped within 3 months from date. You have the option to cancel the above order before shipment.

"Yours truly,
            J. H. Werbelovsky's Son,
                        By Joseph Rosenblum."

The complaint further avers that the plaintiff frequently demanded delivery of the goods, but the defendant refused to ship the same though more than three months has elapsed; and damages based on an increase in the market price over the contract price are demanded.

Defendant demurred to the complaint on the following grounds: "1. Because it appears from said instrument, Exhibit A, that the same was of the nature of an

option, and that said option was without consideration and was, therefore, void and of no effect. 2. Because it appears from said instrument Exhibit A that the same was of the nature of an option, but it does not appear that the same was ever properly exercised. 3. Because it appears that said instrument by reason of the uncertainty of the terms and the lack of mutuality in the obligations it purports to create, is unenforceable as a contract, and is wholly invalid, void and of no effect."

*Theodore E. Steiber*, for the appellant (plaintiff).

*Philo C. Calhoun*, for the appellee (defendant).

BEACH, J. The writing sued on is in the form of a letter from the defendant to the plaintiff accepting an antecedent proposal to buy five cases of glass on terms set forth in the acceptance. The final sentence of the letter is as follows: "You have the option to cancel the above order before shipment." It is this phrase which gives rise to the claim that the contract is void for want of mutuality. The defendant's acceptance appears to be unconditional, and the objection is that the plaintiff in making his proposal reserved the right to cancel it at will. If that is so, the demurrer must be sustained. "To agree to do something and reserve the right to cancel the agreement at will is no agreement at all." *Ellis* v. *Dodge Bros.*, 237 Fed. Rep. 860, 867.

It might be said at the outset that the objection begs the entire question, for it is not clear that the "above order" as originally made contains any reservation at all, but as the case has been briefed and argued on the assumption that the buyer's privilege of cancellation at any time before shipment is one of the terms of the contract, we proceed to treat it as such and to enquire whether on that understanding an enforcible

contract ever came into existence; that is, whether the seller ever had any right, the exercise of which the buyer could not prevent or nullify, to compel the buyer to take the goods and pay for them. If so, there was a promise for a promise, and the contract is valid in law; for the question before us is not whether the contract is mutual in the sense in which that adjective is used to influence the discretion of a court of equity in decreeing specific performance, but whether the seller's promise to sell was with or without a consideration sufficient in in law to support it. Of course, the right to enforce the buyer's promise to buy is such a consideration, and if that right existed, even for the shortest space of time, it is enough to bring the contract into existence.

On the face of this contract the buyer must exercise his option "before shipment," otherwise he is bound to take and pay for the goods. No time of shipment is specified otherwise than by the words "to be shipped within three months." Hence the seller had a right to ship at any time within the three months, and a shipment made before receiving notice of cancellation would put an end to the buyer's option. The seller's right of shipment accrued at the moment the contract was formed, and as he might have shipped at the same time that he accepted, there was one clear opportunity to enforce the entire contract, which the buyer could not have prevented or nullified by any attempted exercise of his option. This is all that is necessary to constitute a legal consideration and to bring the contract into existence. If the defendant voluntarily limited his absolute opportunity of enforcing the contract to the shortest possible time, the contract may have been improvident, but it was not void for want of consideration.

Whether it is so improvident that an equitable defense on that ground ought to prevail, is a question of fact which cannot be raised by demurrer. It should,

however, be said that, in addition to the one clear opportunity to enforce the contract already pointed out, the defendant has had a continuing right to enforce it during its entire term; for it appears from the complaint not only that the plaintiff never attempted to exercise his option, but that he repeatedly demanded performance. In this connection it is important that the contract is framed on the theory that it remains enforcible by either party unless and until the plaintiff brings home notice of cancellation before shipment.

Referring to the authorities cited, it is of course undoubted that a contract for the sale of goods in which one party retains an unconditional option of cancellation is no contract at all, for the reason that no mutual obligation ever arises. *Rehm-Zeiher Co.* v. *Walker Co.*, 156 Ky. 6, 160 S. W. 777, cited on the defendant's brief, and *American Agricultural Chemical Co.* v. *Kennedy*, 103 Va. 171, 48 S. E. 868, cited in the note to 13 Corpus Juris, 337, are cases of this kind.

In *Nicolls* v. *Wetmore*, 174 Iowa, 132, 156 N. W. 319; *Velie Motor Co.* v. *Kopmeier Motor Car Co.*, 194 Fed. Rep. 324, and *Ellis* v. *Dodge Bros.*, 237 Fed. Rep. 860, the contracts in suit presented a double aspect. Regarded as contracts for the purchase and sale of motorcars, they were held void for the want of any promise by the maker to sell, and regarded as executory contracts of agency, they were held to be terminable at the option of either party. This was correct, because the agency was not expressed to continue for a definite time or for the accomplishment of a stated purpose. *Willcox & Gibbs Sewing Machine Co.* v. *Ewing*, 141 U. S. 627, 12 Sup. Ct. 94.

There is error, the judgment is set aside and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.