### NEBRASKA AIRCRAFT CORPORATION v. VARNEY et al.

(Circuit Court of Appeals, Eighth Circuit. August 7, 1922.)

No. 6062.

**Sales ⬦1 (4)—Contract held indefinite.**

> Contract set forth in opinion *held* unenforceable, as indefinite and uncertain.

In Error to the District Court of the United States for the District of Nebraska; Martin J. Wade, Judge.

Action by the Nebraska Aircraft Corporation against Thomas H. B. Varney and another. Judgment on a directed verdict for the named defendant, and plaintiff brings error. Affirmed.

John M. Stewart, of Lincoln, Neb. (Ernest B. Perry and Don W. Stewart, both of Lincoln, Neb., on the brief), for plaintiff in error.

Maxwell V. Beghtol, of Lincoln, Neb., for defendants in error.

Before CARLAND, Circuit Judge, and TRIEBER, District Judge.

CARLAND, Circuit Judge. The Nebraska Aircraft Corporation, hereafter called plaintiff, brought this action against Thomas H. B. Varney, hereafter called defendant, as guarantor of the full performance of a contract dated February 26, 1920, between plaintiff and one Walter T. Varney, for the sale of aeroplanes. Walter T. Varney, being a nonresident of Nebraska, was not served with process, and did not appear in the action, which was for the recovery of damages for the breach of said contract. At the trial a verdict was directed in favor of the defendant. The direction of the verdict is the only assignment of error argued.

Paragraphs 1, 3, and 4 of the contract read as follows:

(1) The corporation agrees to sell, and sells, and the distributor agrees to buy, and buys, fifty (50) Lincoln standard J–1 aeroplanes, or their equivalent in other models, equipped with the motors as below specified, to be shipped by the corporation as ordered by the distributor, and to be accepted and paid for by the distributor within 12 months from date, to be shipped as follows: March, 1920, 6 planes; April, 6 planes; May, 6 planes; June, 6 planes: July, 6 planes; August, 6 planes; September, 6 planes; October, 6 planes; November, 2 planes.

(3) For all the products hereby sold, or which may be sold under this agreement, the distributor agrees to pay in cash the corporation's regular list price, less discounts hereinafter set forth in paragraph 5, after the inspection and prior to delivery at the office of the corporation at Lincoln, Nebraska. Shipment shall be f. o. b. factory, and the corporation shall have the right to ship any of the products covered by this agreement from any of its factories, or from any of the factories of its subsidiaries, where such product may be available.

(4) The distributor shall be allowed a discount of thirty per cent. (30%) from the corporation's regular list price on all aeroplanes purchased from the corporation under this agreement.

The contract is alleged to have been breached by Walter T. Varney in refusing to order and pay for more than 12 aeroplanes. The subjects of the contract were aeroplanes purchased by plaintiff from the United States. The motors had already been used; some of the bodies were new and unused. All had to be changed or rebuilt. They were classified as A, B, C, and D, according to the time they had been used. The regular list price, from which the 30 per cent. discount was to be allowed, was: Class A, $6,000; class B, $5,500; class C, $5,000; class D, $4,000. The plaintiff had the right to change the list price at any time without consulting defendant. All the classes were Lincoln standard J–1 aeroplanes, as described in the contract. The aeroplanes were to be shipped as ordered by Varney.

At the time the contract was made, defendant ordered three class B standard J–1 planes. On May 17th he ordered six Lincoln standard aeroplanes at $5,000, less discount. This order would call for class C. On May 27th plaintiff wired defendant: "Cannot furnish any C ships." July 7th plaintiff wired defendant: "Have six planes ready for shipment. Can fill your order with either A or B class, or mixture of both." July 15th plaintiff wired defendant for shipping instructions, and asked defendant how many aeroplanes were wanted of each A and B. The same inquiry was made on July 17th.

We call attention to these telegrams and orders, for the purpose of showing that defendant had the choice of selecting the class of

282 F.—39

aeroplanes that he would buy, and that plaintiff understood this is shown by the inquiries made of defendant. The fact that the defendant had the right to select the class he would buy is claimed by plaintiff to have made the contract definite and certain, but it had no tendency to show this. This will plainly appear when we consider the assessment of damages. The damage for the failure to purchase an aeroplane would be the difference between the contract price and what the aeroplane was worth at the time when the purchase ought to have been made; but how can we fix these damages, when the defendant had the right to determine which class he would take, and these classes all having different prices? Are the damages to be figured according to class B or class A? We cannot determine this, because as to the aeroplanes which the defendant did not order there has been no selection made. Moreover, the record does not show what the list price of the aeroplanes was at the time of the alleged default of the defendant to take and pay for the same. Again, the price was indefinite, for the reason that the plaintiff had the right to change it at any time without consulting the defendant. The contract was so uncertain as to render it void, and it could not be made certain by a reference to anything that was certain. Oakland Motor Car Co. v. Indiana Automobile Co., 201 Fed. 499, 121 C. C. A. 319; Huffman v. Paige-Detroit Motor Car Co. (C. C. A.) 262 Fed. 116; Wheaton v. Cadillac Automobile Co., 143 Mich. 21, 106 N. W. 399; Cold Blast Transportation Co. v. Kansas City Bolt-Nut Co., 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696; 13 C. J. 266; 39 Cyc. 1185; National Bank v. Hall, 101 U. S. 43, 25 L. Ed. 822; 6 R. C. L. pp. 640–649; 2 R. C. L. Supp. 171.

The trial court was right in directing a verdict for the defendant on either of three grounds: (a) The contract was too indefinite and uncertain, and failed to show a meeting of the minds between plaintiff and defendant; (b) no damages were shown; (c) the price was so indefinite that they could not be shown.

Judgment affirmed.