## R. F. BAKER CO., INC.
*vs.*
## P. BALLANTINE & SONS

Superior Court        New Haven County        File No. 53822

MEMORANDUM FILED JANUARY 29, 1940.

*A. D. Slavitt,* of South Norwalk, for the Plaintiff.

*Herbert L. Emanuelson,* of New Haven, for the Defendant.

O'SULLIVAN, J. This action was instituted to obtain both legal and equitable relief. The original two counts were later augmented by a third, but at the time of trial the first was withdrawn. The second count was based on the alleged breach of an oral contract of exclusive agency; the third on the theory of *quantum meruit.* No effort was made to invoke any of the requested equitable relief, the case being tried to the jury solely as an action at law. A plaintiff's verdict having been returned and accepted, the defendant has now moved to set it aside.

In support of the second count, the plaintiff offered evidence that during February, 1934, the defendant entered into an oral agreement whereby the former was to be its exclusive agent in the distribution of Ballantine beer in Danbury and five nearby towns. The agency was to continue as long as the plaintiff

desired, it being agreed that only the plaintiff should have the right to terminate it whenever it wished. Shortly after the agreement was made, the plaintiff engaged in a modest campaign of advertising the defendant's beer, bought a truck to make deliveries, had its president circulate around among prospective customers, and expended moneys for various odds and ends incidental to the dissemination of propaganda for Ballantine beer. Between February and September 1st, it bought from the defendant approximately $44,000 worth of beer from which it made a profit in excess of $13,500. About the latter date, the defendant notified the plaintiff that its agency was revoked, and thereafter through its own employees distributed its products to those customers, among others, whom the plaintiff had obtained while acting as agent.

The foregoing evidence was likewise relied on to establish the third count, which, as above indicated, sought damages for the reasonable value of the services rendered and the moneys expended by the plaintiff during the period it was acting in its representative capacity.

While the verdict was a general one, it is perfectly obvious that it was based on the second count, unless the jury threw the court's instructions to the four winds. But it must be presumed that they accepted the law as stated, and if they did, a verdict for the plaintiff on the third count was an impossibility. Viewed at this point of retrospection, I cannot justify the submission of the issues on this count to the jury. If there was a cause of action, it amounted to one of *injuria sine damno,* at least under the court's conception of the proper measure of damages. For the charge ran to the effect that if the plaintiff was entitled to recover under this count, the verdict thereon should represent the difference between what the plaintiff had expended for a new truck, advertising, and the creation of good will, and the profit it had made while acting as agent. As the plaintiff's testimony demonstrated its profit was greatly in excess of such expenditures, it could not, under the instructions, recover anything under this count. Furthermore, the value of any services rendered was not to be considered by the jury.

Nor, says the defendant, was it entitled to recover under the second count, because that count was based upon the breach of an unenforceable agreement. Its claim is that the agreement was illusory or lacking in mutuality, and, if not of such a nature, then barred from enforcement by the Statute of Frauds

on the ground that it was not to be performed within a year. As to this latter claim, it was ample to say that the law is otherwise. If an agreement of this type fixes no definite time for performance but provides that it may be terminated at the will of either party, it is not within the statute. 25 R. C. L. Statute of Frauds §34, and cases cited.

The former claim brings one into that field of the law where he can browse to his heart's content, only to return to his daily tasks with a feeling of bewilderment at the confusion with which his labors with the authorities on the application of the principles of legal consideration have surrounded him. For the problem in this case, expressed in the form of a query, is this: is the agreement between the plaintiff and the defendant void, because the right to terminate it at will was reserved by the former and by it alone?

"To agree to do something and reserve the right to cancel the agreement at will is no agreement at all." *Ellis vs. Dodge Bros.*, 237 Fed. 860, 867, cited in *Gurfein vs. Werbelovsky*, 97 Conn. 703, 705. This may be deemed sufficiently accurate as a general statement of law. Such a promise is illusory because it is, in fact, no promise at all, in that it fails to limit the promisor's freedom of voluntary choice in the future. Corbin, The Effect of Options on Consideration (1925) 34 Yale L. J. 571. If A agrees that he will work for B if he feels like it, there is nothing to enforce. A's promise is an illusion. Nor does the so-called agreement become any more effective if A commences the work he has agreed to perform. So much of the agreement as is executory is void because it still remains illusory.

Agreements have been under judicial analysis which reserve to one of the parties the privilege of terminating them. At times this privilege has been conditional, and at times, unconditional. In the former instance, the agreements have been held enforceable if the conditional right to terminate has not been exercised before the other party, had he carried out his promised act, might have compelled performance by or obtained damages from him who had reserved the right to terminate the agreement. Thus, in the *Gurfein* case, a buyer ordered a quantity of glass from a seller, the former having the privilege of cancelling the order at any time before shipment. It was held that inasmuch as the seller had the right to ship the glass at once, or at any time within three months before receiving

notice of cancellation and thus force the buyer to receive and pay for it, there was a legal consideration for the promise to sell. "The right to enforce the buyer's promise to buy is such a consideration, and if that right existed, even for the shortest space of time, it is enough to bring the contract into existence." *Gurfein vs. Werbelovsky, supra,* 706.

Where the right to terminate is unconditional, the agreement may or may not be void. Each case awaits the application of the principle that any agreement is enforceable in a court of law if based upon a legal consideration and if not contrary to public policy or the statutes of the forum.

If one promises to act as agent only as long as he wishes—which is merely another method of stating that he has the right to terminate his agreement at will—it is an illusory and unenforceable promise, so far as the executory phase of his agreement is concerned. Thus, A promises B to act as B's agent on certain terms, and B agrees that A may do so, but reserves the power to cancel the agreement at any time. B's agreement is insufficient consideration, since it involves nothing that can properly be called a promise. Restatement, Contracts §79, comment b (1). But if the right to terminate is supported by a consideration, the agreement becomes enforceable. For example, if in addition to the facts of the foregoing illustration, A agrees to equip an office for the business purposes of his agency, the agreement no longer is illusory. This explains why those agreements are enforceable wherein a workman is promised employment as long as he wishes if he will agree to refrain from pressing against the promisor-employer a claim for damages due to injuries received in an accident occurring in the employer's shop. *Stearns vs. Lake Shore & M. S. Ry. Co.* 112 Mich. 651, 71 N. W. 148; *Carter White Lead Co. vs. Kinlin,* 47 Neb. 409, 66 N. W. 536.

The instant case is not one where the agent agreed to buy a truck, engage in advertising and the like. Its agreement was far more limited. It bound itself to act as agent only as long as it chose so to serve. Hence it was an illusory promise and the so-called agreement, in so far as its executory features are concerned, is unenforceable.

This conclusion dispenses with any need of considering at length whether the terms of the agreement were sufficiently certain to be enforceable. It is ample to say that in this respect as well the agreement was too uncertain to form the basis of a

legal· contract. The plaintiff did not agree to buy any beer nor did the defendant agree to sell. If any was to· be purchased, it was to be paid for in cash. But such terms or the absence of terms furnish an illustration of too indefinite an agreement to· enforce. *Huffman vs. Paige-Detroit Motor Car Co.*, 262 Fed. 116; *Velie Motor Car Co. vs. Kopmeier Motor Car Co.*, 194 id. 324; *Ford Motor Co. vs. Kirkmyer Motor Co.*, 65 F. (2d) 1001.

By way of parenthesis, it should be added that no claim was made under the second count, nor would the pleadings have so· permitted, that the situation was one invoking estoppel as a substitute for consideration. 1 Williston, Contracts (Rev. ed. 1936) .§139.

A closing paragraph of a late case, summarizing the authori- ties on the law under discussion, bears repetition: "We have much sympathy with the theory upon which the case was dis- posed of in the court below. It seems fair that, after having spent six years in developing the territory assigned to it, the Reno Company should have been permitted to continue or should have been compensated for the injury done it by having its business taken away. However, the injury done to the Reno Company was one against which its contract, rather obviously, did not afford protection. . . . 'The entire trouble is found in the contract itself. It was not at its making strong enough to· hold'." *Du pont De Nemours & Co. vs. Claiborne-Reno Co.*, 64 F. (2d) 224, 233. *See, also, Best Co., Inc. vs. Goldstein,*. 124 Conn. 597, 602.

Consequently, under the instructions of the court, the jury could not have rendered a verdict for the plaintiff under the third count, nor can one under the second count be supported by the law. Accordingly the verdict is set aside.