**TALLER & COOPER v. ILLUMINATING
ELECTRIC CO.
No. 9645.**

United States Court of Appeals
Seventh Circuit.

Feb. 19, 1949.

Ralph H. Eiesendrath and Bernard M. Kaplan, both of Chicago, Ill., for appellant.

Leonard M. Cohen, Melvin Cohen, and Milton Silberg, all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiff, a New Jersey corporation, filed its complaint and bill of particulars against defendant to recover damages for alleged breach of a written contract. Defendant moved that the complaint be dismissed on the ground that the complaint did not state a claim upon which relief could be granted. The court concluded that the contract was void because it lacked mutuality, sustained the motion, and entered a judgment for costs against plaintiff. From that judgment, this appeal is prosecuted.

Plaintiff agreed to sell and defendant agreed to buy, in stated installments for a period of one year, 8,500 electric irons at $5.17 per iron, 250 of the irons to be shipped in August and 750 irons monthly thereafter. Plaintiff shipped 60 irons in August, 192 in September, and 426 irons in November, 1946. On November 22, 1946, plaintiff increased the price of the irons to $5.72 per iron, and on December 5, 1946, shipped 192 irons to defendant at the increased price, making a total of 870 irons shipped to defendant. All of the irons delivered to defendant were paid for by defendant. On December 5, 1946, defendant notified plaintiff that it would not accept shipment of any more irons because of plaintiff's failure to deliver the irons pursuant to the contract and because it was not bound to accept irons at whatever price plaintiff might from time to time determine.

The contract in suit was entered into August 20, 1946, with its main provisions stated in the printed form used by plaintiff. In it the plaintiff agreed to sell and defendant, referred to therein as "the distributor," agreed to buy the following listed products at the agreed stated prices

626

(this is typed into the printed form): "8500 #638-Lady Jackson Auto Electric Irons Cost $4.70 Tax. 47 Cost per iron $5.17."

The contract is alleged to have been breached by defendant's refusal to purchase and pay for the balance of the 8,500 irons mentioned in the contract. To this, defendant says that it did not breach the contract, and that the contract is void because plaintiff reserved the arbitrary privilege of changing the price of the irons.

A contract in its nature and character and according to the intention of the parties should involve and impose a reciprocity of obligation and duty. And it is horn book law that to make a valid, executory contract, there must be at least two parties capable of contracting and both must be bound thereby. The promises of each must be concurrent and obligatory on both at the same time to render the promise of either binding. There can be no question that, if plaintiff had such a contract, it was essential to its validity that it should have been mutually obligatory upon both parties. And the law is well established that a contract for the future delivery of personal property cannot be enforced if the price of the article to be delivered is conditioned entirely on the will of one of the parties.

Plaintiff asserts that to constitute a sale the price need not be definitely fixed at the time the sale is effected, if the agreement contains express or implied provisions by which it may be rendered certain. Counsel for plaintiff have written an able brief. They cite, among other cases, Memphis Furniture Mfg. Co. v. Wemyss Furniture Co., 6 Cir., 2 F.2d 428. They call attention to clause 6 of the contract which provides that "The distributor agrees that he and his dealers will merchandise the Company's products at full list price and in accordance with the Fair Trade Act [15 U.S.C.A. § 1]," and insist that the contract provides a definite and ascertainable standard by which the price of the irons can be determined.

It will not be necessary to discuss the cases cited. They are either not in point, or are easily distinguished under the facts in this case. It is true that in the Memphis case the court upheld the validity of a contract for the sale of furniture at "prices prevailing at the time of shipment." In that case there was no absolute agreement that the seller sold the furniture at a specific price. In our case, as we have already observed, the price was definitely fixed at the time the contract was entered into.

But the plaintiff makes the point that the contract, in addition to clause 6 already noted, in clause 2 provided: "The prices and terms shall be as shown in the company's current price sheet, and as established from time to time by the company. * * * Prices and discounts are subject to change without notice. * * *." And plaintiff argues it had the right to increase the price of the irons. With this contention we cannot agree, for the reason that the price of the irons was absolutely fixed by the contract. Moreover, if we were to uphold plaintiff's contention, the contract would be a contract for the purchase and sale of the irons at a price to be established by plaintiff alone. A contract for the future delivery of personal property is void for want of mutuality if the price is conditioned entirely on the will of one of the parties. Cold Blast Transportation Co. v. Kansas City Bolt & Nut Co., 8 Cir., 114 F. 77, 81; Nebraska Aircraft Corp. v. Varney, 8 Cir., 282 F. 608, 610; Weston Paper Mfg. Co. v. Downing Box Co., 7 Cir., 293 F. 725, 727; and Brooks v. Federal Surety Co., 58 App. D.C. 56, 24 F.2d 884. Compare Sun Printing & Publishing Ass'n v. Remington Paper & Power Co., 235 N.Y. 338, 139 N.E. 470; Midland Steel Sales Co. v. Waterloo Gasoline Engine Co., 8 Cir., 9 F.2d 250, 253.

We conclude that plaintiff has no reason to complain of the judgment of the District Court and it will therefore be affirmed.