FERDINAND G. MATURO *v.* CHARLES H. SCRANTON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 5—decision released May 22, 1979

*William F. Gallagher,* for the appellant (plaintiff).

*Frank J. Dumark,* with whom, on the brief, was *John E. Donegan,* for the appellees (defendants Anthony M. Limoncelli et al.).

*Kenneth M. Jacks,* for the appellee (named defendant).

PER CURIAM. This case concerns the sufficiency under the Statute of Frauds of a written contract for the sale of real property with an open-ended

mortgage contingency clause. The plaintiff, Ferdinand G. Maturo, brought an action to compel specific performance and to recover monetary damages for breach of a contract to convey certain real estate. He sued the defendant Charles H. Scranton, the original seller, and, by amendment, the defendants Anthony M. Limoncelli, Mary J. Limoncelli, the Branford Savings Bank, and the Connecticut Bank and Trust Company, all of whom were subsequent transferees of an interest in the real property in question. Each of the defendants except the Connecticut Bank and Trust Company demurred to the plaintiff's complaint on the ground that the underlying real estate contract failed, because of its mortgage contingency clause, to comply with the requirements of § 52-550 of the General Statutes, the Statute of Frauds. Each of these demurrers was sustained by the trial court, two by *Hadden, J.*, and one by *Missal, J.* The plaintiff by stipulation declined to plead over, judgments were rendered for each of the demurring defendants, and this appeal followed.

For the purposes of this appeal, the following facts are undisputed. The plaintiff Maturo and the defendant Scranton on January 26, 1974, entered into a written contract for the sale of real property in Guilford. That contract contained a mortgage contingency clause. The contract, although negotiated earlier, was not executed by the plaintiff until after he had obtained a sufficient financial commitment from the Guilford Savings Bank. Thereafter, the plaintiff declared himself unconditionally ready and willing to perform, but the defendant Scranton refused to convey and instead transferred the property to the defendants Limoncelli subject to the interests of the defendant banks as mortgagees.

The sole issue on this appeal is the enforceability of the contract under the Statute of Frauds. Since the contract before us is an agreement for the sale of real estate, and since there are no allegations either of part performance or of estoppel or reliance, the written contract must comply with the requirements of the statute. In order to satisfy the statute, the relevant writing or writings must contain all of the material terms and conditions of the contract. *Montanaro* v. *Pandolfini,* 148 Conn. 153, 158, 168 A.2d 550 (1961); Restatement (Second), Contracts § 207, Tent. Drafts Nos. 1–7 (Rev. and Ed. 1973). The contract is arguably vulnerable to the Statute of Frauds because its mortgage contingency clause is extraordinarily unspecific. The clause reads: "This sale is subject to the purchaser being able to secure a mortgage from a proper lending institution in an amount not to exceed the amount of $60,000."

There is no doubt that the enforceability of a contract with a mortgage contingency clause as open-ended as this one would ordinarily raise an exceedingly troublesome question.[1] On the facts before us, however, the mortgage contingency clause is not a material condition of the contract since the plaintiff buyer had met the condition of financial ability to proceed before final execution of the contract. Until acceptance by execution, neither the buyer nor the seller was bound by the contract; after acceptance, the mortgage contingency clause no longer qualified any of the remaining duties under the contract. Cf. *Stern & Co.* v. *International Harvester Co.,* 148 Conn. 527, 530–31, 172 A.2d 614 (1961); *Gurfein* v. *Werbelovsky,* 97 Conn. 703, 706,

[1] Requirements for mortgage contingency clauses are now made explicit by § 49-5b of the General Statutes, effective April 21, 1976.

118 A. 32 (1922). Had these facts, and this argument, been presented to the trial court, this appeal would undoubtedly have been unnecessary.

There is error, the judgments are set aside and the case is remanded for further proceedings.