[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DISCHARGE OF NOTICE OF LIS PENDENS #109
The present equitable action was instituted by the plaintiffs, Peter J. Pieretti and Francis M. Roche, against the defendants, David L. Silk, George R. Brown, Jr., and John P. Wollack. The plaintiffs allege that a partnership relationship exists between the plaintiffs and the defendants. In October, 1990, the plaintiffs allege that the defendants, then owners of property located on the southwest corner of Court CT Page 3396 Street and DeKoven Drive, Middletown, Connecticut (hereinafter "subject property"), entered into a partnership agreement with the plaintiffs.[1] The plaintiffs allege that they made capital contributions or financial investments, in the amount of $15,000 each to be used in the development of the subject property in exchange for a partnership interest in what is referred to and known as the Middletown Courthouse Project. The plaintiffs allege that, shortly thereafter, disagreements arose between the parties as to the specific terms of the partnership agreement and any additional capital contributions required for the continued development of the Middletown Courthouse Project.
On September 13, 1991, the defendants filed the present action requesting that this court find the existence of the partnership and to direct the parties to finalize the terms of the agreement or, if the parties are unable to agree, a decree finding the terms of the agreement. The plaintiffs also seek monetary damages and an injunction restraining the defendants from in any way conveying or transferring their interests in the property.
Additionally, on September 13, 1991, the plaintiffs recorded their notice of lis pendens with the Town Clerk for the City of Middletown. On February 11, 1993, the defendants filed the present motion for discharge of the notice of lis pendens. The defendants argue that the plaintiffs' notice of lis pendens should be discharged, pursuant to General Statutes Sec. 52-325d, on the grounds that (1) the notice of lis pendens was recorded which is not intended to affect real property, (2) the recorded notice does not contain the information required by General Statutes Sec. 52-325(a) and (3) the recorded notice has become of no effect. The defendants also argue that the plaintiffs' notice of lis pendens should be discharged, pursuant to General Statutes Sec. 52-325b, on the ground that the plaintiffs cannot meet their burden of proof because the plaintiffs cannot show probable cause to sustain the validity of any claim that will enable them to obtain an ownership interest in or affect title to the property.
Grounds for Discharge under General Statutes Sec.52-325d.
General Statutes Sec. 53-325d provides that: CT Page 3397
 In any action in which (1) a notice of lis pendens was recorded which is not intended to affect real property, or (2) the recorded notice does not contain the information required by subsection (a) of section 52-325 or section 46b-80, as the case may be, or (3) service of process or service of the certified copy of the notice of lis pendens was not made in accordance with statutory requirements, or (4) when, for any other reason, the recorded notice of lis pendens never became effective or has become of no effect, any interested party may file a motion requesting the court to discharge the recorded notice of lis pendens. If the court finds that such notice never became effective or has become of no effect, it shall issue its order declaring that such notice of lis pendens is invalid and discharged, and that the same does not constitute constructive notice. A certified copy of such order may be recorded in the land records of the town in which the notice of lis pendens was recorded.
A. Whether the recorded notice was not intended to affect real property.
General Statutes Sec. 52-325d(1) provides that "[i]n any action in which . . . a notice of lis pendens was recorded which is not intended to affect real property . . . any interested party may file a motion requesting the court to discharge the recorded notice of lis pendens."
 [A]ctions "intended to affect real property" means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property [quiet title]; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property [foreclosure]; (3) actions which may affect in any manner the title to CT Page 3398 or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property [, such as, an action on a lease agreement].
General Statutes Sec. 52-325(b).
This court finds that if the plaintiffs' action is intended to affect real property it falls within the provisions of General Statutes Sec. 52-325(b)(3) where an action affects the title to or interest in real property, but is not the main purpose of the action. For example, an action on a lease agreement affects an interest in real property, although, not the main purpose of the action. Stratton v. Ward,39 Conn. Sup. 195, 474 A.2d 113 (Super.Ct. 1983) (where the court held, in denying a motion to discharge a notice of lis pendens, that a lease is an interest in land which is intended to affect real estate).
In the present action, the plaintiffs' main purpose is to have the court recognize and enforce an alleged partnership agreement. At the time when the alleged partnership agreement was entered into, title to the subject property was in the names of the defendants. The court finds that there is nothing in the record which indicates the transfer of any property interest to the plaintiffs involving the subject property. See Maturo v. Scranton, 177 Conn. 569, 418 A.2d 928
(1979).
The only interest, based on the allegations in the pleading, that the plaintiff has is a partnership interest which does not affect the title to or interest in the subject property. Wheeler v. Polasek, 21 Conn. App. 32, 571 A.2d 129
(1990).
 Section 52-325(a) allows a party to place a notice of lis pendens on the land records when "the action is intended to affect real property." Section 52-325(b) specifies that in order for an action to affect real property, its purpose or outcome must determine the rights of the parties in or to the particular real property, or it must establish or enforce previously acquired interests in it. CT Page 3399
 The claims set forth in the plaintiff's complaint are claims against the partnership itself and are based on the Uniform Partnership Act, as found in General Statutes Sec. 34-39 et seq. Although the plaintiff claims that he has a realty interest in the partnership's property and a consequent right to secure that interest with a notice of lis pendens, his claim must fail. As specified by the Uniform Partnership Act, a partnership interest is personal property; General Statutes Sec. 34-64; and the partnership realty is considered personalty with respect to any individual partner's rights therein. See Royce Shopping Centers, Inc. v. Putnam Shopping Center Associates, United States District Court, District of Connecticut, Docket No. H-78-538 (March 6, 1979); Bretarm Investment Associates v. Previdini, Superior Court, judicial district of New Haven, Docket No. 266724 (January 20, 1989). It is axiomatic, therefore, that none of the plaintiffs claims affect the real property of the partnership within the meaning of Sec. 52-325.
 The plaintiffs interest as a partner . . . is a personalty interest; the suit does not affect real property within the meaning of Sec. 52-325.
Id., 33-34.
Therefore, this court finds that the present action for the determination of the existence and terms of a partnership agreement does not affect real property, pursuant to General Statutes Sec. 52-325d(1) and as such, the recorded notice of lis pendens is invalid and must be discharged.
B. Whether the recorded notice of lis pendens satisfies the formal requirements of General Statutes Sec. 52-325(a).
General Statutes Sec. 52-325d(2) provides that "[i]n any CT Page 3400 action in which . . . the recorded notice does not contain the information required by subsection (a) of section 52-325 or section 46b-80, as the case may be, . . . any interest party may file a motion requesting the court to discharge the recorded notice of lis pendens." General Statutes Sec. 52-325(a) states in part that:
 [I]f the actions is intended to affect real property, [the plaintiff] may cause to be recorded in the office of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and the object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property.
The defendants argue that the plaintiffs' recorded notice fails to provide the names of the defendants and is therefore facially invalid. The purpose of General Statutes Sec. 52-325(a) is to apprise the defendant, property owner, with notice of a pending action affecting either the title to or an interest in the property in question. This court finds that the present notice satisfies the formal requirements of General Statutes Sec. 52-325(a). Although the main text of the notice fails to specify the defendants as property owners of the affected property, the recorded notice contains a caption which identifies the defendant as David L. Silk, et als. Additionally, the defendants were individually served with a copy of the notice of lis pendens with the summons and complaint which clearly identifies the parties and their respective interests in the subject property and the nature of the pending action.
Therefore, this court finds that the parties are sufficiently identified in the recorded notice to apprise the parties of the pending action and the interest that are affected. Accordingly, the recorded notice of lis pendens is not found to be invalid pursuant to General Statutes Sec.52-325(a) and Sec. 52-325d(2).
C. Whether the recorded notice has become of no effect pursuant to General Statutes Sec. 52-325d(4). CT Page 3401
General Statutes Sec. 52-325d(4) provides that "[i]n any action in which . . . the recorded notice of lis pendens . . . has become of no effect, any interested party may file a motion requesting the court to discharge the recorded notice of lis pendens."
As mentioned previously, this court finds that the present action is not intended to affect the title to or a property interest in the subject property. Even if this court found that the present action affects title to or a property interest in the subject property, the recorded notice of lis pendens has become of no effect, pursuant to General Statutes Sec. 52-325d(4). "[A] notice of lis pendens is properly discharged [when] it no longer serves its purpose, which is to put potential buyers of the real estate and creditors of its owners on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property. See Kukanskis v. Griffith, 180 Conn. 501, 507,430 A.2d 21 (1980); 51 Am.Jur.2d, Lis Pendens Sec. 1." Garcia v. Brooks Street Associates, 209 Conn. 15, 22,546 A.2d 275 (1988).
On December 23, 1991, three months after the plaintiffs recorded their notice of lis pendens, the defendants conveyed the subject property to One Court Street, Inc., a Connecticut corporation for $165,000.00. Therefore, this court finds that the subsequent conveyances of the subject property to One Court Street, Inc., has rendered the present recorded notice of lis pendens of no effect.
This court finds that the present recorded notice of lis pendens is invalid, pursuant to General Statutes Sec.52-325d, therefore this court need not address its validity in regards to General Statute Sec. 52-325b.
This court grants the defendants' motion for discharge of the notice of lis pendens on the ground that the recorded notice is invalid, pursuant to General Statutes Sec.52-325.
JOHN F. WALSH, J.