PASQUALE DEBLASIO *v.* AETNA LIFE and CASUALTY COMPANY

SPEZIALE, C. J., HEALEY, PARSKEY, F. HENNESSY and COVELLO, Js.

Argued November 12, 1981—decision released March 9, 1982

*Eugene L. DeFronzo,* for the appellant (plaintiff).

*Joseph A. Mengacci,* for the appellee (defendant).

COVELLO, J. The plaintiff in this action seeks specific performance of an automobile insurance contract. He claims indemnification under the policy's provisions for damages which he paid as the result of an automobile accident for which he had been found liable.

On May 1, 1979, the plaintiff filed an amended complaint seeking the relief claimed above. On May 21, 1979, he filed a motion for default for the defendant's failure to enter an appearance in the action. On June 11, 1979, the court, *Kulawicz, J.,* granted the default as requested.

On July 12, 1979, the defendant, having filed its appearance, moved to set aside the default pursuant to Practice Book § 376.[1] On October 2, 1979, the court, *Pickett, J.,* denied the motion to set aside the default concluding that the defendant had not shown good cause for its failure to enter a timely appearance.

---

[1] Practice Book § 376 provides: "[A] motion to set aside a default where no judgment has been rendered may be granted by the court *for good cause shown* upon such terms as it may impose. As part of its order the court may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent." (Emphasis added.)

On October 9, 1979, the defendant filed a notice of defenses pursuant to Practice Book § 367.[2] In it, the defendant denied the essential allegations of the complaint and claimed "[t]here was no coverage for this loss under the policy set forth in the complaint."

At the subsequent hearing in damages, the court, *Lexton, J.*, allowed the introduction of evidence concerning the applicability of the policy's provisions to the circumstances in question. The court concluded that there was indeed no coverage under the policy, and rendered judgment in favor of the defendant. Thereafter, the court opened the judgment and, by agreement of the parties, rendered judgment for the plaintiff to recover nominal damages of $1. The plaintiff has appealed.

I

The plaintiff contends that the court erred in admitting into evidence the insurance policy in question and in allowing the defendant to present a defense on the issue of liability. He claims that the entry of the default for failure to appear precluded the introduction of evidence concerning liability. We do not agree.

The entry of a default constitutes an admission by the defendant of the truth of the facts alleged in the complaint. *Kawasaki Kisen Kaisha, Ltd.* v.

---

[2] Practice Book § 367 provides: "In any hearing in damages upon default suffered or after a denial of a motion to strike, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense."

*Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977); *Went* v. *Schmidt,* 117 Conn. 257, 258, 167 A. 721 (1933). "The plaintiff must still prove [at a hearing in damages] how much of the judgment prayed for in the complaint he is entitled to receive." *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130, 120 A.2d 73 (1956). He is, at the very least, entitled to nominal damages. *Cardona* v. *Valentin,* 160 Conn. 18, 26, 273 A.2d 697 (1971).

The entry of the default, however, does not preclude the defendant from raising a defense at the hearing in damages. If timely written notice is furnished to the plaintiff, the defendant may offer evidence contradicting any allegation of the complaint. The defendant may also challenge the right of the plaintiff to maintain the action or prove any matter of defense. Practice Book § 367; see also General Statutes § 52-221; *Bonner* v. *American Financial Marketing Corporation,* 181 Conn. 57, 58, 434 A.2d 323 (1980); *Upton* v. *Windham,* 75 Conn. 288, 289–90, 53 A. 660 (1902).

If the defendant appears in the action and furnishes the required notice, the subsequent hearing in damages takes on "the nature of a supplemental trial involving the determination of questions of law and fact, and the determination of the damages to be assessed after such trial." *New York, N.H. & H. R. Co.* v. *Hungerford,* 75 Conn. 76, 78–79, 52 A. 487 (1902).

At such a proceeding the burden of proof is on the defendant to disprove those allegations of the complaint which he contests. *Hourigan* v. *Norwich,* 77 Conn. 358, 367–68, 59 A. 487 (1904). If the defendant simply claims that he is not liable, he assumes the burden of proving that fact. *Bernhard* v.

*Curtis,* 75 Conn. 476, 481, 54 A. 213 (1903). If the defendant sustains his burden, the plaintiff is entitled to nominal damages only. *Cardona* v. *Valentin,* supra, 26.

In the present case, the defendant's notice of defenses met the requirements of Practice Book § 367. This being so, the court was correct in allowing the introduction of evidence concerning the issue of liability, despite the earlier entry of a default.

## II

The plaintiff further contends that the court erred in concluding that the policy in issue did not provide coverage under the circumstances evident here. So to hold would require a significant distortion of the essentially agreed upon facts.

At the time this action arose, the plaintiff owned two automobiles. A 1969 Pontiac was insured with the Fireman's Fund Insurance Company. A 1972 Toyota was insured with the defendant, Aetna Life and Casualty Company. The principal driver of the Toyota was the plaintiff's minor daughter. Because of her age, the plaintiff paid a higher premium on the Toyota through assignment out of the so-called "risk pool."

On May 3, 1973, the plaintiff's daughter was unable to start the Toyota and borrowed her father's Pontiac to go to work. On the way home she was involved in an accident which injured a passenger in the car.

The passenger thereafter instituted suit against the plaintiff and his daughter. Fireman's Fund Insurance Company, the carrier insuring the Pontiac, defended the action and ultimately paid their policy limits of $25,000 on a $33,000 judgment. In

the interim, the plaintiff made demand upon the defendant to appear for him in the action and to defend him with respect to any exposure above the $25,000 Fireman's Fund policy limits. This the defendant declined to do.

The plaintiff contends that the Pontiac is covered under the provisions of the Aetna policy as a "temporary substitute automobile." This policy does contain such a provision. The terms are very explicit, however, that a "temporary substitute automobile" does *not* include a vehicle owned by the named insured. The plaintiff responds that his daughter had physical possession of the Toyota; that it was maintained for her use; that an extra insurance premium was paid in consideration of her use of the car; and, therefore, that she was the "owner." Since the Pontiac which was used in place of the Toyota was not owned by the daughter, the plaintiff argues that it was, therefore, a "temporary substitute automobile" within the meaning of the Aetna policy, and, thus, that it was entitled to coverage.

The plaintiff testified that he was the owner of both automobiles. The Aetna policy listed the plaintiff as the "Named Insured" and the 1972 Toyota as the "Owned Automobile." The trial court concluded in its memorandum of decision that the plaintiff was the registered owner of the 1972 Toyota. Ownership of this vehicle was a factual consideration to be determined by the trier. It is evident that the court's conclusion on this matter is amply supported by the evidence, and is legally and logically consistent with the facts found. The judgment must therefore stand. *Lewis* v. *Lewis,* 162 Conn. 476, 480, 294 A.2d 637 (1972).

Since the 1972 Toyota was owned by the plaintiff, the substitution of his 1969 Pontiac did not cause the Pontiac to become a "temporary substitute automobile" within the meaning of the Aetna policy as it also was owned by the plaintiff. This being the case, the court correctly concluded that the policy did not cover the circumstance which has arisen here.

There is no error.

In this opinion the other judges concurred.