DAVID J. WHEELER *v.* GEORGE POLASEK ET AL.
(7940)

DALY, NORCOTT and FOTI, Js.

Argued December 13, 1989—decision released March 13, 1990

*Richard G. Kent,* for the appellant (plaintiff).

*Nathan C. Nasser,* with whom, on the brief, was *Daniel B. Glass,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the trial court's discharge of a notice of lis pendens that he filed in the Bridgeport land records on real property owned by the defendant Elmwood–1250 Associates Limited Part-

nership. The plaintiff claims that the trial court erred when it found that his claim did not affect real property within the meaning of General Statutes § 52-325.[1] We find no error.

The plaintiff and the named defendant, George Polasek, are general partners in the defendant limited partnership. This action was brought by the plaintiff for an accounting of partnership assets, breach of fiduciary duty, damages for management fees and damages for misrepresentation under the Connecticut Uniform Securities Act, the Securities Act of 1933, and the Securities Exchange Act of 1934.

At the time this action was commenced the plaintiff filed a notice of lis pendens on real property owned by the defendant partnership. The defendants moved to discharge this notice, arguing that a notice of lis pendens was inappropriate here because the plaintiff's claims did not satisfy the criteria of the lis pendens statute. The trial court granted the defendants' motion, and found, in its concise and well reasoned decision, that the suit did not affect real property within the meaning of § 52-325. We agree.

Section 52-325 (a) allows a party to place a notice of lis pendens on the land records when "the action is intended to affect real property." Section 52-325 (b)[2] specifies that in order for an action to affect real prop-

---

[1] General Statutes § 52-325 provides in pertinent part: "(a) In any action in a court of this state . . . (1) the plaintiff or his attorney . . . if the action is intended to affect real property, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens . . . ."

[2] General Statutes § 52-325 provides: "(b) As used in this section, actions 'intended to affect real property' means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property."

erty, its purpose or outcome must determine the rights of the parties in or to the particular real property, or it must establish or enforce previously acquired interests in it.

The claims set forth in the plaintiff's complaint are claims against the partnership itself and are based on the Uniform Partnership Act, as found in General Statutes § 34-39 et seq. Although the plaintiff claims that he has a realty interest in the partnership's property and a consequent right to secure that interest with a notice of lis pendens, his claim must fail. As specified by the Uniform Partnership Act, a partnership interest is personal property; General Statutes § 34-64; and the partnership realty is considered personalty with respect to any individual partner's rights therein. See *Royce Shopping Centers, Inc.* v. *Putnam Shopping Center Associates,* United States District Court, District of Connecticut, Docket No. H-78-538 (March 6, 1979); *Bretarm Investment Associates* v. *Previdini,* Superior Court, judicial district of New Haven, Docket No. 266724 (January 20, 1989).[3] It is axiomatic, therefore, that none of the plaintiff's claims affects the real property of the partnership within the meaning of § 52-325.

The plaintiff's interest as a partner in this limited partnership is a personalty interest; the suit does not affect real property within the meaning of § 52-325.[4]

There is no error.

In this opinion the other judges concurred.

---

[3] *Bretarm Investment Associates* v. *Previdini,* Superior Court, judicial district of New Haven, Docket No. 266724, eventually resulted in a judgment of nonsuit being rendered against the plaintiff on January 20, 1989. The case was withdrawn on October 26, 1989. The ruling on a partner's interest in realty of the partnership that we refer to today is found in the discharge of the notice of lis pendens dated March 4, 1988, by the court, *Licari, J.*

[4] During oral argument the plaintiff raised an issue concerning General Statutes § 52-299. Since that issue was neither raised at the trial nor briefed on appeal, we will not review it.