[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Connecticut National Bank ("CNB"), filed a complaint on June 24, 1991 in order to collect monies past due on two notes executed by the defendant, Norman J. Voog. On October 22, 1991, the defendant filed an answer and a special defense alleging that the bank fraudulently misrepresented the viability of a limited partnership for which the funds were to be used. The court granted CNB's motion to strike the special defense on January 14, 1992. Thereafter the defendant sought to amend his answer by adding four special defenses and a three-count counterclaim, again directed towards misrepresentations of the value of the investment, and alleging statutory violations. On March 12, 1992, the court sustained CNB's objection to the defendant's request, stating that the issue could be raised in a separate action. Voog filed such an action on March 11, 1993.
CNB subsequently filed a motion for summary judgment on the grounds that there were no genuine issues of material fact and no special defenses. The defendant filed an objection to the motion, alleging collateral estoppel and res judicata based on jury verdicts in two CNB cases in New Britain. The court (Higgins, J.) denied these defenses and granted the motion for summary judgment on June 1, 1993. A hearing in damages is set down for November 18, 1993. On October 22, 1993, the defendant then filed a motion seeking a notice as to hearing in damages, or, in the alternative, to set aside summary judgment based on collateral estoppel of another CNB case decided on September 28, 1993.
A notice of defense is intended to provide the defendant with an opportunity to contest liability after a default. DeBlasio v. Aetna Life Casualty Co., 186 Conn. 398, 401, 441 A.2d 838 (1982). Practice Book 367 states that such a notice is proper "[i]n any hearing in damages upon default or after a denial of a motion to strike . . . ." In the present case the defendant properly presented his allegations in the context of a motion for summary judgment, which was decided adversely to him. The clear language CT Page 10005 of Practice Book 367 prevents such a notice to be filed here.
The defendant next asserts that based on the decision of the court (Blue, J.) in Connecticut National Bank v. Giacomo, No. CV01-0105861 S, Judicial District of Waterbury at Waterbury (September 28, 1993), the plaintiff is collaterally estopped from asserting these claims. However, the decision on the motion for summary judgment was decided three months prior to the court's decision in the Gigcomo case. "Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296,596 A.2d 421 (1991). The Giacomo decision is not a "prior action", and moreover "the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding." Id., 297. The Giacomo decision involved allegations of fraudulent misrepresentations, and the proof of the elements in this tort do not transfer between independent actions. Motion is denied.
WALSH, JOHN, J.