[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff brings this action in three counts seeking money damages, an order to set aside a disclaimer of interest in a probate estate and an order that the property disclaimed by set aside to pay for defendant Anna N. Culligan's (Culligan) past debt and possible future debt to plaintiff.
The defendant Charlotte B. McChord, Administratrix of the Estate of Mary Polpofsky (McChord) has been defaulted.
Plaintiff now moves for summary judgment on the First Count as to both liability and demages [damages] against both defendants.
Facts
The defendant, Culligan, was a beneficiary of public assistance from the state of Connecticut under the Aid for Families with Dependent Children ("AFDC"), until her children attained their majority. Thereafter, because she is deaf, she received assistance under the Supplementation Program for Disabled Persons ("SPDP"). Through May 5, 1995, Culligan received benefits totaling $95,580.97 from both AFDC and SPDP. She is currently receiving assistance under SPDP.
On February 11, 1994, Culligan's sister Mary Polpofsky (Decedent) died intestate, a domiciliary of Newington, Connecticut. At the time of her death, Culligan was her sole surviving sibling and next of kin.
On October 12, 1994, Culligan executed a Disclaimer of Interest ("Disclaimer") disclaiming any interest in Decedent's estate under C.G.S. § 45a-578 et seq. If such disclaimer is given effect, Culligan's children shall take Decedent's estate in her stead.
Culligan and her children offer to repay the state of Connecticut the $95,580.97, together with any amounts received by Ms. Culligan from May 5, 1995 to date of receipt of the inheritance. In addition they offer to execute any documents, instruments or directives to enable the fiduciary to pay over those amounts to the state of Connecticut. CT Page 8952
The value of the estate exceeds the present debt owed the State of Connecticut, by approximately one half.
It is admitted that although Culligan filed the Disclaimer of her interest in and to the Decedent's estate; she failed to obtain the consent of the Plaintiff's Commissioner of Social Services (Commissioner) to the Disclaimer; and that the Commissioner has not and does not now consent, to the Disclaimer.
Culligan, in her Answer, while admitting that the Disclaimer was not made with the consent of the Commissioner denies that the Disclaimer was made in contravention of Conn. Gen. Stat. § 17b-85.
The court having no evidence can make no finding that the present financial condition of the state of Connecticut, the United States of America or the World constitutes "difficult economic times."[1]
 Law
The plaintiff relies upon C.G.S. § 17b-85 [formerly § 17-82j] to support its claim that the Disclaimer is invalid and should be so declared. That statute reads in pertinent part as follows:
"No [person receiving aid under sections 17b-180 through17b-183 and 17b-600] shall sell, assign, transfer, encumber or otherwise dispose of any property without the consent of the Commissioner."
I Past Payments Received
 A re McChord
As McChord has been defaulted all the facts in the complaint relevant to the claims against her are found to be true. De Blasio v. Aetna Life Casualty Co., 186 Conn. 398,400.
B re Culligan
This defendant's real defense is that when she and her CT Page 8953 children get the money she and her children will pay the state the money then owed. She cannot now "dispose of any property without the consent of the Commissioner." As to the payments previously received the Disclaimer is void and the sum due must be paid, through Culligan, to the plaintiff.
II Payments Not Yet Received
The statute forbidding an aid recipient from disposing of property does not contain any distinction on that rule based on whether the debt is past or prospective. Disposing of property, without consent, is not allowed. What is not said in the statute is that if a recipient obtains money and pays back the past debt he has to put his money under state control as some sort of security for possible future debt.
Prohibitory injunctions may only be issued based on present facts to prevent future actions. Canepari v.Townshend, 142 Conn. future 477, 483. We do know now what will happen when Culligan's right to receive the proceeds of Decedent's estate come to fruition — her children will get those proceeds. She has given property away by virtue of the disclaimer. That she cannot do. State v. Murtha, 179 Conn. 463
part I.
The court assumes that parties will obey the law and thus does not expect that Culligan will make a fraudulent conveyance in violation of C.G.S. § 17b-100 or § 17b-97. However, because of the open attempt made to circumvent the statutes the court will issue orders to assure that the state will be paid.
Orders
1. The Disclaimer is null, void and of no legal effect
2. At the time of distribution of the estate the Administratrix shall pay all sums due and owing to plaintiff from Anna N. Culligan to plaintiff.
3. The Administratrix shall pay over to Anna N. Culligan the balance of said Anna N. Culligan's distributive share of the estate of Mary Polpofsky after the payment made to plaintiff as ordered in 2 above. CT Page 8954
4. The sums due the state from Anna N. Culligan are, as of May 1, 1995, $95,580.97 plus costs of this action. Said sum shall increase in the amount of any payment of public assistance made by plaintiff to Anna N. Culligan after said date.