[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this action have filed a motion to discharge notices of lis pendens which were recorded by the plaintiff on or about December 12, 1995. They have also filed a supplemental motion for discharge of notices of lis pendens which is directed to the December, 1995 notices of lis pendens and certain supplemental notices of lis pendens which were recorded on or about September 3, 1997. The motions, which were heard together, challenge the validity of the notices of lis pendens on multiple grounds. One of the grounds is that the notices of lis pendens should be discharged because this suit is not an action "intended to affect real property" within the meaning of General Statutes § 52-325 (b). The court heard oral argument from the parties on that claim and now finds the claim meritorious. CT Page 232
The parties have agreed that the operative complaint for purposes of the pending motions is the amended complaint dated January 17, 1996. The plaintiff alleges in this amended complaint the existence of a family partnership involving several family members. The defendants in this action are the plaintiff's brothers, Idaet (Edward) Bushka and Myfit (Steven) Bushka and Idaet Bushka's wife, Margarita Bushka. The plaintiff alleges that the family partnership encompassed all of the business, real estate and banking endeavors of all the individual members of the Bushka family and that the defendants, who allegedly control the partnership, have deprived the plaintiff of his rightful share of the profits of the partnership. He further alleges that the defendants Edward and Steven Bushka divested the plaintiff of his share of the family partnership and diverted partnership profits for their own use and that of their families. Various counts of the complaint allege a breach of fiduciary duty, fraud, breach of contract, statutory theft and federal RICO claims. (The court (Peck, J.) granted a motion to strike the fourth, eighth, ninth and thirteen counts of the complaint on July 7, 1996). The relief sought in the amended complaint is punitive and treble damages, attorney's fees, imposition of a constructive trust, an accounting, the appointment of the plaintiff or another person as receiver and permanent injunctive relief.
A notice of lis pendens may be recorded in any action which is "intended to effect real property." General Statutes §52-325. The statute, in subsection (b), contains a definition of actions "intended to affect real property", as follows:
 b) As used in this section, actions "intended to affect real property" means (1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property.
Neither of the first two subsections of the definition is applicable. This action clearly does not have an object or purpose to determine the title or rights of the parties over some particular real property. Nor is it an action brought to establish or enforce any previously acquired interest in real CT Page 233 property. There are no allegations in the complaint that the plaintiff claims a right to or an interest in any particular real property. Moreover, none of the relief requested implicates the title to any real estate.
The only allegations in the complaint which relate to real property allege that the family partnership engaged in profitable real estate ventures in the past without payment to the plaintiff of his share of the profits and that the partnership currently owns some land in Waterbury. Articles of partnership, dated May, 1974, are attached to the complaint as an exhibit and recite that the assets of the partnership, including land, are owned by the partners in certain designated proportions. The articles further state:
2. Location
 The business shall have offices located at premises known as Fairfield Avenue, Waterbury, Connecticut; and includes land under development in Waterbury known as "Country Club" and land under development in Watertown, known as "Bunker Hill Estates", and store and retail lumber yards located on Fairfield Avenue in Waterbury.
These are the provisions to which the plaintiff points in his memorandum in opposition to the motions to discharge. However, none of these allegations or partnership provisions demonstrates that this action may affect the title to or any interest in real property as set forth in General Statutes § 52-325(b)(3). The plaintiff does not allege any interest in any partnership real estate.
In a case where some of the allegations of the complaint were similar to those in this action, the Appellate Court upheld the trial court order discharging a notice of lis pendens because the action did not affect real property within the meaning of General Statutes § 52-325(b). Wheeler v. Polasek,21 Conn. App. 32, 33 (1990). The plaintiff and the individual defendant in that case were partners in a limited partnership and the plaintiff brought suit for an accounting and damages for breach of fiduciary duty and breach of certain securities statutes. The plaintiff did allege an interest in the real estate owned by the partnership. However, the Appellate Court found that such an interest was not a real estate interest CT Page 234 because of the provisions of the Uniform Partnership Act.
 As specified by the Uniform Partnership Act, a partnership interest is personal property; General Statutes § 36-64; and the partnership realty is considered personalty with respect to any individual partners's rights therein. See Royce Shopping Centers, Inc. v. Putnam Shopping Center Associates,
United States District Court, District of Connecticut, Docket No. H-78-538 (March 6, 1979); Bretarm Investment Associates v. Previdini, Superior Court, judicial district of New Haven, Docket No. 266724 (January 20, 1989). It is axiomatic, therefore, that none of the plaintiff's claims affects the real property of the partnership within the meaning of § 52-325.
Id., 34. In the present action, where the plaintiff does not allege an interest in partnership real estate, presents an even stronger case for discharge of the lis pendens.
The plaintiff cites Williams v. Bartlett, 189 Conn. 471
(1983), for support. Williams also is a suit between partners in a partnership which invested in real property. However, the relief sought by the plaintiff in Williams included a mandatory injunction compelling the conveyance to the partnership of property owned of record by the defendant. The trial court was found to have properly denied an application to discharge the notice of lis pendens. No relief similar to that in Williams is sought in this case, where the plaintiff seeks money damages, liquidation of partnership assets and equal distribution to the partners of the proceeds.
This action is not one "intended to affect real property" within the meaning of General Statutes § 52-325(b). The motions to discharge notices of lis pendens are accordingly granted.
VERTEFEUILLE, J.