[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#101) 
On October 7, 2001, a motor vehicle accident occurred on Route 8 in Seymour, Connecticut that resulted in serious injuries to Martin A. Kevalis, Jr. and the death of John Kevalis, who were both passengers in an automobile driven by Kenneth Carey. Martin A. Kevalis, Jr. and Martin A. Kevalis, Sr., the administrator of the estate of John Kevalis, have brought this action against Nationwide Mutual Insurance Company ("Nationwide"), based on various contracts of insurance that Nationwide issued. Nationwide has moved to strike the first, second, fourth, sixth, ninth, tenth, twelfth and fourteenth counts against it.
"[A] motion to strike challenges the legal sufficiency of a pleading . . ." (Internal quotation marks omitted.) Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000); see also Practice Book §10-39. The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Doe v. Yale University, supra, 252 Conn. 667. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id. "A motion to strike, [however], is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
 I. First and Ninth Counts
The first and ninth counts seek to allege a cause of action to recover CT Page 2122 underinsured motorist benefits under the terms of various insurance polices. The first count pertains to the claims of Martin A. Kevalis, Jr. and the ninth count is brought on behalf of the estate of John Kevalis. The allegations are similar and can be summarized as follows. Both Martin A. Kevalis, Jr. ("Martin") and John Kevalis ("John") had contracts of insurance with Nationwide, an insurance company licensed in Connecticut, which included uninsured and underinsured motorist benefits. (First Count, Ninth Count, ¶¶ 1, 2.) In addition, Martin A. Kevalis, Sr. and Lynn Kevalis had two contracts of insurance with Nationwide, which included uninsured and underinsured motorist benefits, under which both Martin and John were insured. (Id., ¶¶ 3, 4.) On October 7, 2002, Martin and John were passengers in a motor vehicle driven by Kenneth Carey ("Carey"). (Id., ¶ 7, 8.) Martin was injured and John died in a motor vehicle accident caused by Carey's negligence. (Id., ¶¶ 8, 9.) Carey's motor vehicle liability insurance has been exhausted and is inadequate to compensate Martin and John's estate. (Id., ¶ 14.) The injuries and losses are the legal responsibility of Nationwide under its contracts of insurance and under General Statutes § 38a-366. (Id., ¶ 15.)
Without citing any authority, Nationwide claims these allegations are insufficient to state a cause of action to recover underinsured motorist benefits. The court disagrees. Stevens v. Allstate Insurance Co., Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. 071957S (Jan. 24, 2002, Sequino, J.). See J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (2d edition, 1999) § 7.9. p. 442. Accordingly, the motion to strike the second and ninth counts is denied.
 II. Second and Tenth Counts
The second and tenth counts incorporate the allegations of the first and ninth counts but seek the equitable remedy of specific performance of the insurance contracts. Again without citation, Nationwide claims these counts should be stricken on the ground that "[s]pecific performance is an equitable remedy that is requested as equitable relief in the prayer and is not an allegation of liability." (Memorandum of Law in Support of Motion to Strike, p. 3.)
Connecticut practice permits pleading in the alternative. Although technically the plaintiffs were not required to plead specific performance as a separate equitable cause of action, Practice Book §§10-25, 10-27, Nationwide has not asserted a sufficient ground to strike the second and tenth counts. In a number of cases, a separate claim for specific performance of an insurance contract has been permitted. See CT Page 2123DeBlasio v. Aetna Life Casualty Co., 186 Conn. 398, 399, 441 A.2d 838
(1982); Stevens v. Allstate Insurance Co., supra; Carol v. AllstateInsurance Co., Judicial District of Stamford, Docket No. 164867 (June 15, 1999, Karazin, J.). As the availability of the remedy of specific performance is left to the discretion of the trial court, the motion to strike the second and tenth counts is denied.
 III. Fourth, Sixth, Twelfth and Fourteenth Counts
These counts seek to allege violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., by alleging unfair claim settlement practices in violation of Section 38a-816
(6) of the Connecticut Unfair Insurance Practices Act (CUIPA). They incorporate the factual allegations recited above and further allege that Nationwide has refused to pay for the damages the plaintiffs sustained (fourth count, sixth count, twelfth count, fourteenth count ¶ 17), failed to fully, adequately and impartially investigate the damage (fourth count, twelfth count, ¶ 18) and made express or implied representations that it would, in good faith, thoroughly investigate and process any claims the plaintiff submitted pursuant to the polices of insurance and these representations were material to the formation of the contracts (sixth count, fourteenth count, ¶ 18).
Nationwide has moved to strike these counts on the ground that the plaintiffs have failed to allege sufficient facts to establish that it had a general business practice to engage in the various unfair claim settlement practices alleged. A CUTPA/CUIPA violation premised on General Statutes § 816(6) requires allegations that the "unfair settlement practices were committed or performed `with such frequency as to indicate a general business practice.' Mead v. Burns, 199 Conn. 651, 509 A.2d 11
(1986)." Lees v. Middlesex Insurance Co., 229 Conn. 842, 847-48,643 A.2d 1282 (1994). See Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).
Although each of the challenged counts contains an allegation that Nationwide engaged "in one or more of the following unfair or deceptive acts or practices in the business of insurance with such frequency as to indicate a general business practice" (fourth count, twelfth count, ¶ 21, sixth count, fourteenth count ¶ 22), there are no facts alleged to support this conclusory allegation. The claims made on behalf of Martin A. Kevalis and the estate of John Kevalis arise from a single motor vehicle accident and the specific factual allegations of the contested counts concern Nationwide's failure to settle those specific claims fairly. Allegations that an insurance company dealt in the same way with claims arising from the same loss are not sufficient to state a CT Page 2124 cause of action under CUTPA for underlying § 816(6) violations. SeeKupersmith v. Executive Risk Specialty Insurance Co., Superior Court, Complex Litigation Docket at Waterbury, Docket No. 160077 (Jan. 26, 2001, Hodgson, J.); Pote v. Nationwide Mutual Insurance Co., Superior Court, Judicial District of Stamford, Docket No. 150455 (Sept. 2, 1998, Karazin, J.) (22 Conn.L.Rptr. 595). Accordingly, the motion to strike the fourth, sixth, twelfth and fourteenth counts is granted.
 IV. Conclusion
For the reasons stated above, the defendant's motion to strike the first, second, ninth and tenth counts is denied. The defendant's motion to strike the fourth, sixth, twelfth and fourteenth counts is granted.
LINDA K. LAGER, JUDGE CT Page 2125