ALYSSA PETERSON *v.* HANNAH WOLDEYOHANNES
(AC 28650)

Bishop, Gruendel and Foti, Js.

Argued September 15—officially released December 30, 2008

*Alyssa Peterson*, pro se, the appellant (plaintiff).

*Opinion*

GRUENDEL, J. The plaintiff, Alyssa Peterson, appeals from the judgment of the trial court, which, despite having entered a default against the defendant Hannah Woldeyohannes,[1] found in the defendant's favor following the hearing in damages. On appeal, the plaintiff claims that the court improperly permitted the defendant to defend the action and improperly rendered judgment in favor of the defendant. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of the plaintiff's appeal. The plaintiff's complaint alleged that in February, 2004, she and the defendant, social acquaintances, entered into an oral agreement to form a partnership for the purpose of purchasing six condominium units in Hartford. The alleged partnership engaged the services of an attorney to negotiate the purchase and to draw up a purchase agreement for the units. Before the partnership had the opportunity to enter into an agreement with the sellers, however, the units were conveyed to A to Zee, LLC. The defendant is the sole owner of A to Zee, LLC. The plaintiff thereafter filed a ten count complaint alleging the creation of an oral partnership between herself and the defendant, and seeking recovery based on a number

---

[1] A to Zee, LLC, was also a defendant in this action, but the plaintiff withdrew her claim regarding A to Zee, LLC, on September 21, 2005. We therefore refer in this opinion to Woldeyohannes as the defendant.

of theories. In particular, the complaint alleged that the defendant breached the partnership agreement and breached her fiduciary duty to the plaintiff and the partnership by usurping the opportunity to purchase the units.

The remaining procedural history illustrates the long and tortured history of this case. On August 18, 2004, the plaintiff served requests for production, seeking the defendant's telephone records from two telephones for the previous year. The plaintiff asserts that these telephone records might have provided the bases for additional investigation during discovery and might have established contact between herself and the defendant, and between the defendant and various parties and attorneys involved in the sale of the condominium units.

Having received no response to her requests for production, on September 28, 2004, the plaintiff filed a motion requesting that the court order sanctions for the defendant's failure to respond to the requests, which the court denied in light of a motion for extension of time that the defendant filed on October 4, 2004. In the latter motion, the defendant requested a thirty day extension of time for responding to the requests for production and represented that she had "been proceeding diligently in an effort to comply" with the requests. The plaintiff objected to the defendant's motion for extension of time on the ground that it was filed outside of the thirty day period required by Practice Book §§ 13-7 (a) and 13-10 (a). Thereafter, the defendant filed notice of objections to the requests for the telephone records.[2]

The plaintiff then filed a motion to compel the defendant to comply with the requests for production on February 16, 2005, and the defendant objected to that

---

[2] The defendant also objected to other requests for production that are not relevant to this appeal.

motion on April 1, 2005. At a hearing on April 25, 2005, the court ordered the defendant to produce the telephone records requested, noting that the records were relevant to the case. Having never received any further response to the requests for telephone records, the plaintiff filed a motion to compel and for contempt on June 23, 2005, less than one month before the scheduled start of trial. On July 11, 2005, the court entered an order requiring that the defendant "comply fully with [the court's] order dated April 25, 2005, by no later than 5 p.m. on Wednesday, July 13, 2005. If the defendant fails to comply, a default shall enter. The plaintiff's request for other relief, including a finding of contempt, costs, and other relief pursuant to Practice Book § 13-14 is denied without prejudice and may be renewed if the above order is not fully complied with."

The defendant did not comply with the court's July 11, 2005 order, and on July 14, 2005, six days before the scheduled start of trial, the plaintiff filed a renewed motion for contempt. At the hearing on the plaintiff's renewed motion for contempt on September 14, 2005, the trial having been postponed, the court engaged the defendant's counsel in a discussion regarding the noncompliance. The court asked: "Would you define for me . . . the ways in which that order has not been complied with?" Counsel replied: "[T]he documents requested were not in my possession. I have attempted, through a subpoena, to garner those documents from the parties that possess them. . . . [Y]our order did not give me sufficient time to get them. I have again subpoenaed . . . those records. And . . . they have not shown up . . . from the telephone company."

The court then asked the defendant's counsel why the court had not heard about the inability to comply until almost one month later, to which counsel replied: "I believe that I wasn't sure that it may have made a difference. . . . I wasn't able to comply. The fact of

the matter was that I was not able to comply . . . with part of the order." The court then inquired as to whether anyone had attempted to access the telephone records online, why the defendant did not maintain her own records and why the defense had not made an attempt to obtain the records earlier. The defendant's responses to these questions were unsatisfactory to the court, and it entered a default for failure to comply with the court's orders of April 25 and July 11, 2005.

The case then proceeded to a hearing in damages on September 21, 2005, pursuant to Practice Book § 17-34. At the opening of that hearing, the plaintiff's counsel indicated that she had received some of the telephone records at 4 p.m. the previous evening. The remaining majority of the records, however, had been destroyed by the telephone company in accordance with its policy of only retaining records for one year.[3]

Also at the beginning of the hearing in damages, the court heard the defendant's motion to open the default. The court denied the motion, noting that "[a]pparently [two other judges] both felt, despite what you've said . . . that the records were relevant . . . to the issues of the case; that they were not irrelevant. That it is not just a question of . . . showing how many phone calls . . . but if she had the dates and with whom . . . the phone calls were made, then she could have asked questions from those parties as to what was said on key dates and so forth. And she . . . didn't have the opportunity to do so. . . . I've had two judges now, by your own admission, consider the relevance of those records and found that they were relevant. And that, for whatever reason, your efforts to either obtain them

---

[3] We note that the initial request for production was filed on August 18, 2004, requesting records from the period of August, 2003 to August, 2004. It is clear, therefore, that if the records had been subpoenaed when the request was served, the telephone records would have been available.

were not made with sufficient energy or sufficient compliance and that the plaintiff was disadvantaged thereby."

On the second day of the hearing in damages, September 22, 2005, the court permitted the defendant, over the plaintiff's objection, to file a notice pursuant to Practice Book § 17-34 (a)[4] that she intended to offer evidence that would contradict the statements made in the plaintiff's complaint.[5] The court ordered that the notice be filed by the afternoon of Monday, September 26, 2005, but the plaintiff did not receive the notice until Tuesday, September 27, 2005.[6]

The defendant was apparently out of the country for the first two days of the hearing in damages, and the court, therefore, continued the hearing to October 27, 2005, to give the defendant the opportunity to testify. In the interim, the court permitted the defendant to amend the notice of defenses. In doing so, it noted, "I'm extending myself to the limit of my ability by letting you file a notice late [and] by letting you file an amended notice without even considering whether the notice has met the requirements that it be specific enough so that [the plaintiff] knows [the bases for your defenses]."

[4] Practice Book § 17-34 (a) provides: "In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall the defendant be permitted to prove any matter of defense, unless written notice has been given to the plaintiff of the intention to deny such right or to prove such matter of defense." This rule derives from General Statutes § 52-221 (a), the relevant portion of which mirrors, almost verbatim, the text of the rule.

[5] The plaintiff's objection took the form of a motion in limine to prevent the defendant from contesting liability.

[6] Because we conclude that it is necessary to reverse the judgment on other grounds, we do not address whether it was appropriate for the court to permit the defendant to file notice of defenses after the hearing in damages had already begun.

After the conclusion of the hearing in damages, the court issued a memorandum of decision. Despite the entry of default against the defendant, the court found that "no oral partnership was formed between the plaintiff and the defendant to purchase the six units . . . and the defendant has sustained her burden in proving such a partnership did not exist." The court then rendered judgment in favor of the defendant.

On appeal, the pro se plaintiff raises seven separate claims of error. These claims may be condensed to the following two: that the court (1) improperly rendered judgment in favor of the defendant and (2) improperly permitted the defendant to deny liability on the merits of the action and, consequently, improperly denied any damages award to the plaintiff. We agree with the plaintiff on both points.

This case involves the interpretation and application of our rules of practice, which "presents a question of law over which this court's review is plenary." *State* v. *One or More Persons over Whom the Court's Jurisdiction Has Not Yet Been Invoked*, 107 Conn. App. 760, 764, 946 A.2d 896, cert. denied, 289 Conn. 912, 957 A.2d 880 (2008). We begin our analysis by setting forth the appropriate procedure following the entry of default. "The entry of a default constitutes an admission by the defendant of the facts alleged in the complaint." *DeBlasio* v. *Aetna Life & Casualty Co.*, 186 Conn. 398, 400, 441 A.2d 838 (1982). All that remains following such an entry is for the plaintiff to prove the amount of damages to which it is entitled. Id., 401.

"The entry of default, however, does not preclude the defendant from raising a defense at the hearing in damages. If timely written notice is furnished to the plaintiff, the defendant may offer evidence contradicting any allegation of the complaint. The defendant may

also challenge the right of the plaintiff to maintain the action or prove any matter of defense. . . .

"If the defendant appears in the action and furnishes the required notice, the subsequent hearing in damages takes on the nature of a supplemental trial involving the determination of questions of law and fact, and the determination of the damages to be assessed after such trial. . . .

"At such a proceeding the burden of proof is on the defendant to disprove those allegations of the complaint which he contests. . . . If the defendant simply claims that he is not liable, he assumes the burden of proving that fact. . . . If the defendant sustains his burden, the plaintiff is entitled to nominal damages only." (Citations omitted; internal quotation marks omitted.) Id., 401–402.

The court's memorandum of decision and the judgment form signed by the clerk indicate that the court rendered judgment "for the defendant." This was improper under the doctrine enunciated in *DeBlasio* v. *Aetna Life & Casualty Co.*, supra, 186 Conn. 398. As discussed previously, the entry of default against the defendant commands the rendering of judgment in favor of the plaintiff. See id., 400–402. Even where the defendant has properly filed notice of defenses pursuant to Practice Book § 17-34, the plaintiff is still entitled to nominal damages. Id., 402; see also *Cardona* v. *Valentin*, 160 Conn. 18, 26, 273 A.2d 697 (1970). As such, the plaintiff was entitled to a judgment in her favor.

The plaintiff also maintains that due to the failure of the defendant to produce the requested telephone records in a timely manner, her case was severely prejudiced. She further argues that the defendant directly benefited by her dilatory tactics. This argument is well

founded and is not disputed by the defendant.[7] The plaintiff argues, therefore, that because she never received much of the requested discovery, the court should have prevented the defendant from filing a notice of defenses pursuant to Practice Book § 17-34 (a) and from actually presenting defenses to the underlying claims of liability. This is a novel argument that has not before been considered by an appellate court in Connecticut. Essentially, the plaintiff asserts that when a disciplinary default has been entered against a defendant for failure to comply with a discovery order, it should not be permitted to avail itself of Practice Book § 17-34 (a) until it has demonstrated compliance with the underlying court order. We agree.

The interests of justice and fundamental fairness persuade us that such a result is necessary, for the alternative would work to permit a party to disregard a court order blatantly without any detriment. Such a result could not have been envisioned by the drafters of Practice Book § 17-34 (a), and we must "give effect to the apparent intent of the drafters." *State* v. *Gonzalez*, 69 Conn. App. 649, 664, 796 A.2d 1225, cert. denied, 260 Conn. 937, 802 A.2d 91 (2002). "An order of the court must be obeyed until it has been modified or successfully challenged, and the consequences for noncompliance may be severe indeed." *Fox* v. *First Bank*, 198 Conn. 34, 40 n.3, 501 A.2d 747 (1985); see also Practice Book § 13-14.

The record reveals that the defendant's dilatory tactics, for which a disciplinary default was entered, directly resulted in the unavailability of evidence required by the plaintiff and found to be relevant by three judges. In such a circumstance, it would be wholly unjust, after entering a disciplinary default, for the court

---

[7] We point out that the defendant failed to appear at oral argument and has not filed any papers with this court.

to permit the defendant to deny liability on the underlying claims, while the plaintiff remains without the requested discovery. In this case, the defendant's noncompliance may have caused the plaintiff's inability to rebut the defendant's defenses. We conclude, therefore, that when a defendant has failed to cure the underlying cause of the disciplinary default, it will not be permitted to take advantage of its behavior and of the opportunity to defend on the merits provided by Practice Book § 17-34 (a) during the hearing in damages. Considering the unique factual and procedural history presented by this case, we hold that the court improperly permitted the defendant to file notice of defenses and to maintain those defenses at the hearing in damages.

The judgment is reversed and the case remanded for a new hearing in damages.

In this opinion the other judges concurred.