## ALYSSA PETERSON *v.* CONNECTICUT ATTORNEYS TITLE INSURANCE COMPANY ET AL.
### (AC 34207)

Gruendel, Alvord and Bear, Js.

Argued January 17—officially released April 16, 2013

*Alyssa Peterson*, pro se, the appellant (plaintiff).

*Michael D. O'Connell*, with whom, on the brief, was *Erin Arcesi Mutty*, for the appellee (named defendant).

*Opinion*

GRUENDEL, J. The self-represented plaintiff, Alyssa Peterson, appeals from the summary judgment rendered by the trial court in favor of the defendant Connecticut Attorneys Title Insurance Company.[1] She claims that the court improperly (1) relied upon a prior judgment discharging a lis pendens placed on real property by the plaintiff and (2) determined that no genuine issue of material fact existed as to whether the defendant committed negligence, aided and abetted fraud,

---

[1] The plaintiff's operative complaint also named Paul Lichtenberger, Richard Witt, William R. Broneill, Julian M. Allen, Nydia Allen and Lorraine Caldwell as defendants. Because this appeal concerns the summary judgment rendered in favor of the Connecticut Attorneys Title Insurance Company on those counts pertaining exclusively to it, we refer to that entity as the defendant in this appeal.

and violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., in issuing certain title insurance policies. We affirm the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiff; see *Martinelli* v. *Fusi*, 290 Conn. 347, 350, 963 A.2d 640 (2009); reveals the following facts. In February, 2004, the plaintiff and Hannah Woldeyohannes entered into an oral agreement to form a partnership for the purpose of purchasing six condominium units in Hartford. They engaged the services of an attorney to negotiate the purchase and to draw up a purchase agreement for the units. Before the partnership had the opportunity to enter into an agreement with the sellers, the units were conveyed to A to Zee, LLC, of which Woldeyohannes was the sole owner. See *Peterson* v. *Woldeyohannes*, 111 Conn. App. 784, 785, 961 A.2d 475 (2008).

The plaintiff thereafter commenced an action in the Superior Court and filed a ten count complaint that named both Woldeyohannes and A to Zee, LLC, as defendants (first action). On July 12, 2005, the plaintiff filed a notice of lis pendens on the Hartford land records. The lis pendens stated that the first action was "brought seeking the imposition of a constructive trust and other remedies in connection with certain real property known as the Laurelhart Condominiums, 230-232 Farmington Avenue, [unit numbers] B-2, E-3, G-4, C-9, D-6 and E-7, Hartford, Connecticut." The lis pendens further stated that "the defendant A to Zee, LLC is the record owner of [those units]" and that each of the units was affected by the first action. On September 21, 2005, the plaintiff withdrew her claim against A to Zee, LLC, leaving Woldeyohannes as the sole defendant in the first action. Woldeyohannes subsequently filed an affidavit of facts on the Hartford land records that averred in relevant part that "A to Zee, LLC was a party to [the first] action" and that "[t]he action has been

withdrawn as to A to Zee, LLC and it has been removed from the action, as evidenced by a Withdrawal signed by Alena C. Gfeller, Attorney for the Plaintiff, dated September 21, 2005, and filed with the Clerk's Office on September 21, 2005, at 1:58 p.m."

In separate transactions that transpired on December 28, 2006, and January 18, 2007, Julian M. Allen and Nydia Allen (Allens) purchased unit G-4 from A to Zee, LLC, and Lorraine Caldwell purchased unit C-9 from A to Zee, LLC. Although the defendant was aware of the notice of lis pendens filed by the plaintiff in July, 2005, it nevertheless issued title insurance policies for those units to Caldwell and the Allens in January of 2007.

In December, 2009, Caldwell and the Allens filed applications in the Superior Court to discharge the lis pendens (lis pendens action).[2] Following a hearing, the court concluded that the lis pendens was invalid because (1) the plaintiff's claims in the first action did not affect real property within the meaning of General Statutes § 52-325,[3] and (2) her withdrawal of the first

---

[2] Caldwell's application was filed in the Superior Court, judicial district of Hartford, under docket number CV-09-6006562-S and the Allens' application was filed under docket number CV-09-6006561-S. The cases were not formally consolidated, but the trial court heard the matters at the same time and noted that each application involved essentially the same facts and same claims of law. It rendered judgment and issued identical memoranda of decision under each docket number. See *Allen* v. *Peterson*, Superior Court, judicial district of Hartford, Docket No. CV-09-6006561-S (August 6, 2010) (50 Conn. L. Rptr. 383). For convenience, this court will refer to the cases as the lis pendens action.

[3] The court reasoned: "At bottom, the [first] case involved a dispute between two parties, [the plaintiff] and . . . Woldeyohannes, as to whether a partnership existed and the legal consequences of their conduct. The real estate that the alleged partnership was to purchase was ultimately acquired by A to Zee, LLC. In fact, it must be emphasized that neither [the plaintiff] nor . . . Woldeyohannes were ever record owners of the real estate in question. Thus, [the plaintiff's] interest was never in the real property, but in the alleged partnership itself.

"The issues presented in the [first] case are similar to those found in *Wheeler* v. *Polasek*, 21 Conn. App. 32, 571 A.2d 129 (1990). In *Wheeler*, a general partner in a limited partnership filed a notice of lis pendens against

action against A to Zee, LLC, on September 21, 2005, "effectively released and eliminated the lis pendens." *Allen* v. *Peterson*, Superior Court, judicial district of Hartford, Docket No. CV-09-6006561-S (August 6, 2010) (50 Conn. L. Rptr. 383, 386). Accordingly, the court ordered the plaintiff's notice of lis pendens to be discharged of record pursuant to General Statutes § 52-325b (b) (2) (A). Id.

The plaintiff obtained a default judgment against Woldeyohannes in the first action and, following a hearing

the partnership's real property in connection with an action for, in part, breach of fiduciary duty. The trial court discharged the lis pendens. The discharge was upheld by the Appellate Court on the grounds that partnership realty is considered personalty, with respect to any individual partners rights therein. Id., 33. 'Section 52-325 (b) specifies that in order for an action to affect real property, its purpose or outcome must determine the rights of the parties in or to the particular real property, or it must establish or enforce previously acquired interests in it. The claims set forth in the plaintiff's complaint are claims against the partnership itself . . . . Although the plaintiff claims that he has a realty interest in the partnership's property and a consequent right to secure that interest with a notice of lis pendens, his claim must fail. . . . [P]artnership interest is personal property . . . . It is axiomatic, therefore, that none of the plaintiff's claims affects the real property of the partnership within the meaning of § 52-325.' [Citations omitted.] Id., 33–34.

"As further support, the court notes that ownership interest in a limited liability company, such as . . . A to Zee, LLC, is similarly treated. For instance, General Statutes § 34-167 (a) provides that '[p]roperty transferred to . . . a limited liability company is property of the limited liability company and not of the members individually. A member has no interest in specified limited liability company property.' Moreover, General Statutes § 34-169 provides: 'A limited liability company membership interest is personal property.' Thus, because the claims in the underlying case were based on the defendant's personalty interest, they did not affect real property. As the [Appellate Court in] *Wheeler* . . . noted: 'The plaintiff's interest as a partner in this limited partnership is a personalty interest; the suit does not affect real property within the meaning of § 52-325.' *Wheeler* v. *Polasek*, supra, 21 Conn. App. 34; see also *Gattoni* v. *Zaccaro*, Superior Court, judicial district of New Haven, Docket No. CV-97-0396081 (March 13, 1997) (*Hodgson, J.*) (allegations that defendant was holding plaintiff's interest in limited liability company in constructive trust as partner in that entity not deemed to be interest in real property)." *Allen* v. *Peterson*, Superior Court, judicial district of Hartford, Docket No. CV-09-6006561-S (August 6, 2010) (50 Conn. L. Rptr. 383, 384–85).

in damages, was awarded $195,482.96 in damages by the court, which the court described as "the share of the profits that she would have been entitled to receive under the partnership agreement." Id., 386 n.1. The plaintiff thereafter commenced the present action. The operative complaint—the plaintiff's fourth amended complaint dated November 29, 2010—contains sixteen counts, three of which pertain to the defendant. In those counts, the plaintiff alleged that the defendant committed negligence, aided and abetted fraud, and violated CUTPA in issuing the aforementioned title insurance policies.

On December 20, 2010, the defendant filed a motion for summary judgment. Appended to that pleading was the affidavit of Guy R. DeFrances, Jr., the defendant's associate general counsel. In that affidavit, DeFrances averred, inter alia, that "[p]rior to the issuance of the . . . title insurance policies [to Caldwell and the Allens, the defendant's] agents . . . caused to be conducted an examination of the title of each unit, which examinations revealed the existence of a Notice of Lis Pendens filed against each unit. . . . Both title searches revealed that on or about July 12, 2005, the [p]laintiff . . . filed a Notice of Lis Pendens against each unit in connection with [the first action], in which she named . . . Woldeyohannes and A to Zee, LLC as defendants. . . . An examination of the court file [in the first action] revealed that on September 21, 2005, the [p]laintiff . . . filed a withdrawal of action as to . . . A to Zee, LLC, the record owner of each unit. A copy of the withdrawal is attached [to the affidavit as an exhibit]. . . . Based on the status of record title and the withdrawal contained in the court file, [the defendant] determined that there were no defects in the title to either unit and that there were no issues of title that would have rendered the title unmarketable, and authorized its agents to issue the title insurance policies without taking an

exception for the Notice of Lis Pendens. . . . At no point in time has [the defendant] ever had a contract of title insurance with the [p]laintiff . . . regarding either unit."[4]

The court heard argument on the defendant's motion on September 19, 2011.[5] By memorandum of decision dated November 7, 2011, the court granted the motion for summary judgment in favor of the defendant. The plaintiff then filed a motion for reconsideration and reargument, which the court denied, and this appeal followed.

Before considering the precise claims presented on appeal, we note the well established standard of review. "Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court

---

[4] In her appellate brief, the plaintiff alleges that DeFrances' affidavit consisted of hearsay and, hence, was improper. We decline to review her claim. Apart from the inadequacy of that bald assertion; see, e.g., *Russell* v. *Russell*, 91 Conn. App. 619, 634–35, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005); the record reveals that the plaintiff did not raise this objection before the trial court, as required by Practice Book §§ 5-2 and 60-5, rendering that evidentiary claim unpreserved.

[5] The plaintiff was represented by counsel in the proceedings below.

must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiffs claim and involves no triable issue of fact. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Weiner* v. *Clinton*, 106 Conn. App. 379, 382–83, 942 A.2d 469 (2008).

I

We first address the plaintiff's contention that the court, in considering the motion for summary judgment, improperly relied upon its prior judgment discharging the lis pendens. In deciding the lis pendens action, the court concluded that the plaintiff's notice of lis pendens was invalid and, thus, ordered its discharge. When the plaintiff did not timely appeal from that judgment, this court dismissed her belated appeal therefrom. As a result, the court's judgment discharging the lis pendens is a valid and final judgment by which the plaintiff and the trial court alike were bound. Accordingly, we cannot say that it was improper for the trial court to rely on that final judgment in considering the defendant's motion for summary judgment, which centered on the defendant's conduct with respect to that notice of lis pendens.

On appeal, the plaintiff assails the judgment of the trial court in the lis pendens action, describing it as "flawed" and plagued by "incorrect factual statements and legal interpretations." She thus asks this court to revisit its merits and apply de novo review thereto. We decline to do so. Well established principles of res judicata preclude this court in the present appeal from passing on the merits of that prior judgment. See, e.g., *TDS Painting & Restoration, Inc.* v. *Copper Beech*

*Farm, Inc.,* 73 Conn. App. 492, 501 n.9, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002); *Daw* v. *Zoning Board of Appeals,* 63 Conn. App. 176, 183, 772 A.2d 755, cert. denied, 256 Conn. 931, 776 A.2d 1145 (2001). In addition, we refuse to permit the plaintiff a second bite at the apple when she failed to avail herself of the avenue of appeal from that judgment years ago.

II

The plaintiff also claims that the court improperly determined that no genuine issue of material fact existed as to whether the defendant committed negligence, aided and abetted fraud, and violated CUTPA in issuing the title insurance policies to Caldwell and the Allens. We disagree.

Those three claims all concern the defendant's conduct with respect to the lis pendens the plaintiff filed on July 12, 2005, and all allege malfeasance as a result thereof. In deciding the lis pendens action, the court concluded that the withdrawal of the first action against A to Zee, LLC, on September 21, 2005, "effectively released and eliminated the lis pendens." *Allen* v. *Peterson,* supra, 50 Conn. L. Rptr. 386. The court, in both the lis pendens action and the present case, specifically relied on *H. G. Bass Associates, Inc.* v. *Ethan Allen, Inc.,* 26 Conn. App. 426, 431, 601 A.2d 1040 (1992), in which this court held that the withdrawal of an action "effectively erased the court slate clean as though the action had never been commenced, thereby eliminating the corresponding lis pendens."

We agree with the court that the plaintiff's withdrawal of the first action against A to Zee, LLC, on September 21, 2005, is dispositive of her claims in the present case. It is undisputed that A to Zee, LLC, was the sole owner of the property subject to lis pendens, as the notice itself states. As a result, when the plaintiff withdrew

her action against that entity in 2005, she similarly "eliminate[ed] the corresponding lis pendens." Id.

On that basis, the court here concluded that the plaintiff's withdrawal of her action against the sole owner of the property in question terminated her interest in the lis pendens on that property, noting that "to hold otherwise would undermine the public policy attached to preserving the sanctity of the land records." We concur. As our Supreme Court has observed, it is "the policy of this State that purchasers of interests in real estate are entitled to rely upon the land records as disclosing the true title . . . ." *Second National Bank of New Haven* v. *Dyer*, 121 Conn. 263, 268, 184 A. 386 (1936); accord *Safford* v. *McNeil*, 102 Conn. 684, 687, 129 A. 721 (1925) ("[i]t has always been the policy of our law that the land records should be the authentic oracle of title on which a bona fide purchaser or attaching creditor might safely rely"). When the plaintiff withdrew her action against A to Zee, LLC, in 2005, no claim remained against the owner of the properties subject to the lis pendens. The court thus concluded that the defendant, when conducting title searches several years after that withdrawal entered, was entitled to rely both on the land records and the withdrawal of the action against the owner of the properties in question.

The plaintiff appears to misunderstand the nature of a notice of lis pendens. "A lis pendens is a creature of statute and a person invoking its provisions must comply with the statutory requirements." *First Constitution Bank* v. *Harbor Village Ltd. Partnership*, 37 Conn. App. 698, 703, 657 A.2d 1110, cert. denied, 235 Conn. 902, 665 A.2d 901 (1995); see also *Dunham* v. *Dunham*, 217 Conn. 24, 35, 584 A.2d 445 (1991) (validity of lis pendens "depends entirely on statutory fiat"). Section 52-325 "allows a party to place a notice of lis pendens on the land records when 'the action is intended to

affect real property.' " *Wheeler* v. *Polasek*, 21 Conn. App. 32, 33, 571 A.2d 129 (1990); accord *Williams* v. *Bartlett*, 189 Conn. 471, 481, 457 A.2d 290 ("[u]tilization of the lis pendens procedure is . . . restricted to those actions intended to affect real property"), appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983).

In deciding the lis pendens action, the court specifically found that the plaintiff's claims in the first action "did not affect real property within the meaning of § 52-325." *Allen* v. *Peterson*, supra, 50 Conn. L. Rptr. 385. Because the land records and the pleadings in the first action reveal that the plaintiff lacked a property interest in the properties on which she filed the lis pendens following her withdrawal of the action against A to Zee, LLC,[6] she cannot demonstrate that the defendant owed her any duty with respect to the issuance of title insurance policies on those properties.[7] She likewise cannot establish that the defendant aided and abetted fraud or violated CUPTA by issuing the aforementioned policies.

In sum, the plaintiff cannot prevail on her claims that the defendant improperly issued the title insurance policies to Caldwell and the Allens in January of 2007, in contravention of her notice of lis pendens. The court, in the lis pendens actions, fully and finally determined that the pleadings in the first action demonstrate that the plaintiff's lis pendens was invalid as of September

---

[6] Indeed, DeFrances' affidavit establishes that the defendant, as part of the title searches it conducted on the properties in question, examined the court file in the first action and learned that the plaintiff had withdrawn the action against the record owner of the properties, A to Zee, LLC. The affidavit further establishes that, "[b]ased on the status of record title and the withdrawal contained in the court file, [the defendant] determined that there were no defects in the title to either unit and that there were no issues of title that would have rendered the title unmarketable, and authorized its agents to issue the title insurance policies without taking an exception for the notice of lis pendens."

[7] The court also found, and the plaintiff does not dispute, that she never was a party to a title insurance contract with the defendant.

21, 2005, due to her lack of a property interest in the subject properties. Id. On that basis, the trial court properly concluded that no genuine issue of material fact exists as to whether the defendant committed the malfeasance alleged in the plaintiff's complaint by issuing the title insurance policies. We therefore conclude that the court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.